**Adrian JOHNSON, Appellant,**

v.

**O. B. ELLIS, Director, Texas Department of Corrections, Appellee.**

**No. 19058.**

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1961.

Bernard A. Golding, Houston, Tex., for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., Asst. Dist. Atty., Houston, Tex., Lee P. Ward, Jr., Asst. Dist. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and RIVES, Circuit Judges.

PER CURIAM.

The petitioner-appellant was convicted of murder in the Criminal District Court of Harris County, Texas, and sentenced to death. The judgment was affirmed by the Court of Criminal Appeals of Texas. Johnson v. State, 1960, 336 S.W.2d 175. Certiorari was denied, with Mr. Justice Douglas dissenting. Johnson v. Texas, 1960, 364 U.S. 927, 81 S.Ct. 355, 5 L.Ed. 2d 267. In the petition for habeas corpus in the United States District Court for the Southern District of Texas, it is alleged:

"Petitioner's judgment and sentence to death violates the due process clause of the Fourteenth Amendment of the United States on at least three specific grounds:

"(a) It is based on a coerced and forced confession obtained from Petitioner by a group of Police officers and other law enforcement agents after protracted questioning, during which time he was denied counsel, access to family and friends, was not advised of his rights and was detained without any authority, contrary to the spirit and require-

**326**

ments of the Fourteenth Amendment;

"(b) that he was sentenced to his doom solely on the basis of a 'confession' obtained by threats, force, coercion and subtle illegal practices, while illegally restrained, contrary to the spirit and requirements of the Fourteenth Amendment;

"(c) Petitioner was denied the statutory right to testify in open Court that during the period he was incarcerated in the Harris County jail and while indicted as a party to the commission of this offense, he was removed from said County Jail to a distant area and building occupied by the Texas Rangers, for the avowed purpose of procuring from him another 'confession'; and

"(d) that the trial court permitted the introduction by the State against him, the issue of a collateral crime, not embraced in the indictment, over his objections."

Substantially these same grounds of attack upon the conviction and sentence had been ruled adversely to the petitioner by the Court of Criminal Appeals of Texas. While the federal district court found no "vital flaw" in the State proceedings it nonetheless chose "to air this matter fully" "in view of petitioner's youth, the serious charges made by petitioner, and the crucial fact that the punishment is death." After a full hearing and a thorough examination of petitioner's trial in the Criminal District Court of Harris County, Texas, the district court found that the petitioner's constitutional rights have been in no way violated and denied his petition for habeas corpus. For a more detailed statement of the facts, we refer to the opinion of the Court of Criminal Appeals of Texas, supra, and to the opinion of the District Court reported as Johnson v. Ellis, 1961, 194 F.Supp. 258.

The findings of fact by the district court came to this Court buttressed by the "clearly erroneous" Rule 52(a), Federal Rules of Criminal Procedure, 18

U.S.C.A. Rushing v. Wilkinson, 5 Cir., 1959, 272 F.2d 633, 638. After careful consideration of the briefs and arguments of counsel, and a reading of the transcript of evidence, including the evidence in petitioner's criminal trial, we find no valid criticism of the district court's findings of fact. We agree with its conclusions of law, and think that this case is clearly distinguishable from Reck v. Pate, Warden, 1961, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948, unless the separate concurring opinion of Mr. Justice Douglas in that case should be followed. For the reasons well stated in the excellent opinion of Judge Ingraham, the judgment of the district court is

Affirmed.