**Joe Edward SMITH, Petitioner,**

**v.**

**Jack HEARD, Acting Director, Texas Department of Corrections, Huntsville, Texas, Respondent.**

**Civ. A. No. 14162.**

United States District Court
S. D. Texas,
Houston Division.

May 7, 1962.

J. E. Winfree, Sr., Houston, Tex., for petitioner.

Frank Briscoe, Dist. Atty., Harris County, Tex., Samuel H. Robertson, Jr., and Lee P. Ward, Jr., Asst. Dist. Attys., Harris County, Tex., for respondent.

NOEL, District Judge.

On February 21, 1962, there was filed in this court on behalf of Joe Edward Smith, a petition for writ of habeas corpus. On February 23, 1962, an oral hearing was held in open court on this petition, following which it was dismissed, a notice of appeal was filed by the petitioner, and a stay of execution granted under Section 2251, Title 28 U.S.C.A. Leave to prosecute appeal to the United States Court of Appeals for the Fifth Circuit under Section 1916, Title 28 U.S. C.A., and certificate of probable cause under Section 2253, Title 28 U.S.C.A., was granted by this court on March 30, 1962.

Joe Edward Smith was tried and convicted of murder with malice aforethought in the Criminal District Court of Harris County, Texas, in April, 1960, and given the death sentence. Petitioner then appealed to the Court of Criminal Appeals of Texas. In a written opinion of January 11, 1961, Smith v. State, 171 Tex.Cr.R. 313, 350 S.W.2d 344 (1961), that court affirmed the judgment of the trial court. Petitioner's motion for rehearing was denied without written opinion on March 29, 1961.

Joe Edward Smith petitioned for writ of certiorari in the Supreme Court of the United States and said petition was denied on October 16, 1961, 368 U.S. 883, 82 S.Ct. 126, 7 L.Ed.2d 83 (1961), with Mr. Justice Douglas being of the opinion certiorari should be granted.

■ This court has jurisdiction under Section 2254, Title 28 U.S.C.A., since under the doctrine of Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L. Ed. 469 (1953), and United States ex rel. Connelly v. Cormier, 279 F.2d 37 (5th Cir., 1960), such a petitioner is considered to have exhausted his state remedies when his claim of violation of his federal constitutional rights has been

decided against him by the highest state court and certiorari has been denied by the Supreme Court of the United States.

The record here consists of the transcript of all pleadings and action taken in other courts and the statement of facts from the State District Court. Reference is made to the opinion of the Court of Criminal Appeals for a correct statement of the prior proceedings and a brief resume of the facts heard by the jury. The contentions of petitioner here are the same as made in the Texas District Court, the Texas Court of Criminal Appeals and by application for writ of certiorari to the Supreme Court of the United States. They are fairly stated in the published opinion of the Court of Criminal Appeals, 350 S.W.2d at page 346, as follows:

"First, he contends that his arrest without a warrant was illegal.

"Second, he contends that, in addition to his illegal arrest, his confession was not freely and voluntarily made and was therefore obtained in violation of the due process clause of the 14th Amendment of the Constitution of the United States and of Art. 727a of the Vernon's Ann.Code of Criminal Procedure of the State of Texas. The contention is further made that the confession was, as a matter of law, void because it is shown that he was not taken before a magistrate by the officer making the arrest as required by Art. 217, Vernon's Ann.C.C.P."

■ As to the petitioner's claim that the arrest without a warrant vitiates the later confession, the Texas rule is stated by the Court of Criminal Appeals in its opinion at page 347 of 350 S.W.2d (with supporting cases) as follows:

"We need not pass upon the legality of appellant's arrest as it is the illegal detention and not an illegal arrest which, under certain circumstances, will vitiate a confession."

■ The Texas Court further held that failure to bring an accused who confesses before a magistrate, does not vi-

tiate his confession. As the Court stated in its opinion, the rule is as follows:

" * * * the failure to carry an accused before a magistrate vitiates the confession only when there is some causal connection between such failure and the making of the confession."

■ Thus under Texas law, failure to bring an accused who confesses before a magistrate bears only upon the fact question of voluntariness of the confession. Of necessity, the jury which considered the voluntariness of petitioner's confession decided there was no causal connection between the failure to bring him before a magistrate and the making of the confession; and, the State District Court as well as the Court of Criminal Appeals did not disturb the jury's verdict.

It is appropriate to note here that the rule announced by the Supreme Court in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943), which would have required exclusion of petitioner's confession if this had been a case arising under federal law, has no application here. In a very recent opinion, Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961), the Supreme Court has reviewed extensively the law concerning the voluntariness of confessions as measured by the Fourteenth Amendment and with respect to the McNabb Rule said:

"This principle by which the English trial judges have supplemented the traditional Anglo-American rule that confessions are admissible if voluntary, by the exercise of a discretion to exclude incriminating statements procured by methods deemed oppressive although not deemed fundamentally inconsistent with accusatorial criminal procedure, has not been imitated in the United States. In 1943 this Court, in McNabb v. United States, 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819], drew upon its supervisory authority over the administration of federal crim-

inal justice to inaugurate an exclusionary practice considerably less stringent than the English. That practice requires the exclusion of any confession 'made during illegal detention due to failure promptly to carry a prisoner before a committing magistrate, whether or not the "confession is the result of torture, physical or psychological * * *"' Upshaw v. United States, 335 U.S. 410, 413 [69 S.Ct. 170, 93 L.Ed. 100]. Its purpose is to give effect to the requirement that persons arrested be brought without unnecessary delay before a judicial officer—a safeguard which our society, like other civilized societies, has found essential to the protection of personal liberty.

"The McNabb case was an innovation which derived from our concern and responsibility for fair modes of criminal proceeding in the federal courts. *The States, in the large, have not adopted a similar exclusionary principle. And although we adhere unreservedly to McNabb for federal criminal cases, we have not extended its rule to state prosecutions as a requirement of the Fourteenth Amendment."* (emphasis supplied)

Accepting the record here to show that the alleged coerced confession has been found to be voluntary in the state proceedings at each level, this court must determine whether on the uncontradicted evidence contained in the record, such a holding does or does not violate the due process provisions of the Fourteenth Amendment. In making this determination, the proper measure of due process is as was recently readopted by the Supreme Court in Culombe v. Connecticut, supra, whether or not the confession was voluntary. See particularly the suggested criteria of voluntariness at page 602 of Mr. Justice Frankfurter's comprehensive opinion.

■ This court has carefully reviewed the entire record before it here and finds that the question of voluntariness of the confession has been determined adversely to the petitioner by the jury, the trial court and the highest court of the State of Texas. And furthermore, based upon such review, this court finds that the uncontradicted testimony which is that petitioner was detained for a period of at most seven hours and fifteen minutes during which he was questioned three times for an aggregate period of at most one hour and ten minutes, under the circumstances, is not sufficient to vitiate the confession.

This court has reviewed all of the proceedings complained of in Joe Edward Smith's petition in the light of Stickney v. Ellis, 5 Cir., 286 F.2d 755 (1961), and finds no "vital flaw" in such proceedings. The "undisputed portion of the record" does not warrant a finding that the confession was coerced as a matter of law. United States ex rel. Rogers v. Richmond, 2 Cir., 271 F.2d 364 (1959). As a matter of fact, the only testimony this court regards as being in support of petitioner's contention that his confession was involuntary is that of petitioner himself, which testimony was in direct conflict with his written confession as well as that of numerous other witnesses.

Counsel for petitioner earnestly urges upon this court that the cases of Fikes v. Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957) and Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L. Ed. 975 (1958), require a holding that petitioner's confession was obtained in violation of his rights under the Constitution of the United States. The facts in each are clearly distinguishable from the facts before this court. Also, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), has been cited but its application is limited to a case of illegal search and seizure.

■ This court concludes that Joe Edward Smith willed to confess and therefore, his confession was properly admitted in evidence against him in the trial court, as was affirmed by the Court of Criminal Appeals of Texas. This court having concluded that the record as presented here shows no "vital flaw",

it is also of the opinion that there has been no denial of due process in violation of the petitioner's rights under the Fourteenth Amendment to the Constitution of the United States.

THEREFORE, the petition of Joe Edward Smith has been dismissed and is in all things denied. The court adopts this opinion as its findings of facts and conclusions of law. The Clerk of the Court will furnish copies to all counsel of record and file this opinion in the case.