Joe Edward SMITH, Appellant,

v.

Jack HEARD, Acting Director, Texas Department of Corrections, Appellee.

No. 19682.

United States Court of Appeals
Fifth Circuit.

April 4, 1963.

Rehearing Denied May 16, 1963.

J. E. Winfree, Houston, Tex., for appellant.

Frank Briscoe, Samuel H. Robertson, Jr., Houston, Tex., Lee P. Ward, Jr., Asst. Dist. Atty., for appellee.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is an appeal from an order by the United States District Court for the Southern District of Texas dismissing a petition for writ of habeas corpus following a state court murder conviction.

Joe Edward Smith, petitioner, was convicted of the capital offense of murder with malice aforethought in the state courts of Texas. His victim was William Bodenheimer, a boy twelve years of age. The case was tried before a jury in the Criminal District Court of Harris County, Texas, resulting in Smith's conviction on April 14, 1960. The death penalty was imposed. Smith appealed to the Court of Criminal Appeals of Texas, the court of last resort in Texas in criminal matters. That court on January 11, 1961, in a unanimous opinion, affirmed the judgment of the trial court. Smith v. State, 171 Tex.Cr.App. 313, 350 S.W.2d 344. A motion for rehearing was likewise unanimously overruled without written opinion on March 29, 1961. A petition for certiorari to the United States Supreme Court was denied on October 16, 1961, Justice Douglas dissenting. Smith v. Texas, 368 U.S. 883, 82 S.Ct. 126, 7 L.Ed.2d 83.

Smith has exhausted his state remedies. On February 21, 1962, he presented to the United States District Court a petition for writ of habeas corpus. Judge Noel ordered that the petition be filed and required the respondent to show cause why the relief prayed for should not be granted.

In his petition before the United States District Court, Smith contends that his conviction should be set aside for three reasons: (1) that his arrest without a warrant was illegal; (2) his confession was not given freely and voluntarily and is void under the Fourteenth Amendment of the United States Constitution; and (3) that his confession was void as a matter of law, because he was not taken before a Magistrate by the officer making the arrest as required by the law of Texas.

The District Judge carefully reviewed all of the proceedings complained of in Smith's petition in light of Stickney v. Ellis, 5 Cir., 1961, 286 F.2d 755, and found no "vital flaw" in such proceedings. He found as a fact that Smith had been detained for a period of not more than seven hours and fifteen minutes at which time he was thrice questioned for an aggregate period of at most one hour and ten minutes, and that in the circumstances this was not sufficient to vitiate the confession. The only testimony in support of Smith's contention that the confession was involuntary was that of Smith himself, which was in conflict with numerous other witnesses. The Court concluded:

"This court concludes that Joe Edward Smith willed to confess and therefore, his confession was properly admitted in evidence against him in the trial court, as was affirmed by the Court of Criminal Appeals of Texas. This court having concluded that the record as presented here shows no 'vital flaw', it is also of the opinion that there has been no denial of due process in violation of the petitioner's rights under the Fourteenth Amendment to the Constitution of the United States."

We have before us the same contentions that Smith urged at the trial; on his appeal to the Texas courts from his conviction; on application for certiorari to the United States Supreme Court; and in his petition for writ of habeas corpus in the United States District Court. Each court has rejected his contentions and the United States District Court found specific facts in rejecting his claims. In our review of the actions of the United States District Court, we will not disturb its findings of fact and conclusions of law unless the record

shows a coerced confession as a matter of law, or that such findings and conclusions are clearly erroneous. Rule 52(a) F.R.Crim.P., 18 U.S.C.A.; Rushing v. Wilkinson, 5 Cir., 1959, 272 F.2d 633; United States v. Denno, 2 Cir., 1962, 309 F.2d 543.

■ It is elementary constitutional law that a coerced confession may not be received in evidence and used against an accused. Fikes v. State of Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957); Payne v. State of Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958); Spano v. People of The States of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959). On the other hand, citation of authority is unnecessary for the principle that a free, voluntary and non-coerced confession may be received in evidence and used against the declarant.

■ The Texas appellate court in Smith v. State, supra, held that the fact that Smith may have been arrested without a warrant did not vitiate the confession. They held that it is the illegal detention in certain circumstances which will vitiate a confession, not the illegal arrest and subsequent detention in every case. Likewise, they held that failure to take an accused before a magistrate does not in and of itself vitiate a confession. Such matters bear only upon the issue of voluntariness, which issue the jury must decide. There must also be a causal connection between the failure to take before a magistrate and the coerced confession. We accept these statements as the law of Texas.

■■ The rule in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819 (1943) prohibits the use in criminal cases of confessions obtained during illegal detention; and this rule extends to cases where there was a failure to bring the accused before a committing magistrate without unnecessary delay. The rule of McNabb has not been extended to state prosecutions as a requirement of the Fourteenth Amendment. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Gallegos v. State of Nebraska, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86 (1951). The factors to be considered in determining whether the confession was voluntary are set out in Culombe v. Connecticut, 367 U.S. 568, 602, 81 S.Ct. 1860, 6 L.Ed.2d 1037, 1057 (1961), some of which are the duration and conditions of the detention, the physical and mental state of the accused, and the manifest attitude of the police toward him.

■ Having determined that the confession was not coerced as a matter of law, taking the history of the case into consideration and scrutinizing the findings by the United States District Court, we must affirm this case. We cannot conclude that such findings are clearly erroneous.

■ Smith urges upon us the case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). As was stated in United States v. Denno, 2 Cir., 1962, 309 F.2d 543, the Mapp decision may suggest a trend in the Supreme Court toward an extension of the federal evidentiary rule announced in McNabb to state proceedings; but as was also stated in Denno, the Mapp case dealt with evidence obtained by illegal search and seizure, and if the principle announced in Mapp is to be extended into the field of confessions in state prosecutions, it should be done by the Supreme Court and not us. Johnson v. Ellis, 5 Cir., 1961, 296 F.2d 325. We are in agreement with the well written opinion of District Judge Noel in which he carefully discussed the issues involved and disposed of them correctly. Smith v. Heard, D.C.S.D.Texas, 214 F.Supp. 909.

For the above reasons, the judgment of the District Court in denying the petition for writ of habeas corpus is

Affirmed.