Joe Edward SMITH, Petitioner,

v.

The STATE OF TEXAS, Respondent.

Civ. A. No. 63-H-581.

United States District Court
S. D. Texas,
Houston Division.

Nov. 26, 1963.

Thompson, Hippard & Gibson, James J. Hippard, Houston, Tex., for petitioner.

Sam Robertson, Jr., Ass't Dist. Atty., for Harris County, Tex., for respondent.

NOEL, District Judge.

On this day came on to be considered the application of petitioner for a certificate of probable cause, for leave to appeal in forma pauperis, and for a stay of execution pending appeal.

Petitioner's first application for writ of habeas corpus was thoroughly and carefully considered by this Court and denied. D.C., 214 F.Supp. 909. This Court's action was affirmed by the Court of Appeals for the Fifth Circuit, 315 F. 2d 692, and writ of certiorari was denied by the United States Supreme Court. 375 U.S. 883, 84 S.Ct. 154, 11 L.Ed.2d 113. But finality was not achieved by such action. New contentions were asserted by petitioner in a second application for writ of habeas corpus, as a result of which on November 7, 1963 petition-er's execution was stayed for thirty days in order to permit determination of said second application by this Court. This matter was given priority and after thorough and careful consideration it was denied on November 21, 1963. D.C., 225 F.Supp. 150. For the reasons set out in the Court's Memorandum and Order of said date, petitioner's contentions were found to be without merit.

Petitioner's application for a certificate of probable cause and for leave to appeal in forma pauperis is based upon the simple contention that Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) and Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961) set out a due process requirement reviewable on writ of habeas corpus that a state introduce a sufficient quantity of evidence to justify rationally a finding as to every essential element of the crime charged; the contention is made that this was not done under Texas law at petitioner's trial in the State court.

Attached as an Appendix to the Court's Memorandum and Order of November 21, 1963 is an agreed statement of facts which after full reconsideration of the entire trial record the Court has examined independently and found to be correct. No complaint as to the accuracy of the agreed statement or confirmation of same by this Court is suggested in the proposed appeal. A review of this entire matter may be made promptly from an examination of this Memorandum and Order together with that of November 21, 1963 which contains this Court's findings, should counsel for petitioner determine to present it to a Judge of the Court of Appeals for the Fifth Circuit or a Justice of the Supreme Court of the United States.

In dismissing and denying petitioner's second application for writ of habeas corpus, this Court has made no distinction as to whether petitioner was indigent or non-indigent. In fact, it has been assumed petitioner was non-indigent. Petitioner's case has been fully presented and argued by counsel. This is not a

case where counsel has been denied petitioner in any court. The record reflects that petitioner was represented by counsel in the State trial court as well as the Texas Court of Criminal Appeals, the highest appellate court. He was represented by counsel at every stage of the proceedings in his first application for writ of habeas corpus and has been represented by counsel at every stage of this proceeding on his second application.

The Court will judicially note that petitioner paid the Clerk of this Court the proper fee for filing his second application for writ of habeas corpus.

In the recent case of Coppedge v. United States, 369 U.S. 438, 449, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), the United States Supreme Court reviewed the question of the standard to be applied by the lower federal courts in passing upon applications for leave to appeal a conviction in a federal district court to the Court of Appeals in forma pauperis. There, the Court undertook to restate the standard of "good faith." In doing so, the Court said with respect to granting appeals in forma pauperis in such cases:

"When society acts to deprive one of its members of his life, liberty or property, it takes its most awesome steps. No general respect for, nor adherence to, the law as a whole can well be expected without judicial recognition of the paramount need for prompt, eminently fair and sober criminal law procedures. The methods we employ in the enforcement of our criminal law have aptly been called the measures by which the quality of our civilization may be judged. Second, the preference to be accorded criminal appeals recognizes the need for speedy disposition of such cases. Delay in the final judgment of conviction, including its appellate review, unquestionably erodes the efficacy of law enforcement."

■ It would seem that the same policy reasons are equally applicable to a situation such as here, where petitioner has been tried and condemned to death in a state trial court; where that action has been reviewed and affirmed by the highest state court; where that petitioner has brought application for writ of habeas corpus to a federal district court; where such application has been denied and the denial affirmed by a federal Court of Appeals; where writ of certiorari has been denied by the Supreme Court of the United States; and where, thereafter a second application for writ of habeas corpus has been filed and denied by a federal district court. All such action has been taken here. Thus, petitioner has had fair and sober consideration of his rights in the state trial court. Such action has now been tested five times. To further delay execution of the sentence imposed by the state court jury on this petitioner will not only unquestionably erode the efficacy of state law enforcement, it will invite disrespect for the processes of the federal courts. State law enforcement should not be further delayed by a frivolous appeal to another federal court.

Therefore, the matters now submitted by petitioner are disposed of by order as follows:

(a) Believing such appeal from this Court's denial of his *second* petition for writ of habeas corpus to be groundless, frivolous, without merit, and therefore not in good faith, it becomes the Court's duty to deny petitioner's request to be authorized to proceed under 28 U.S.C.A. § 1915, and accordingly it is denied. See Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1957); Coppedge v. United States, supra; Parsell v. United States, 218 F.2d 232 (5th Cir. 1955); and, Petition of James Van De La Bogart, 273 F.2d 194 (9th Cir. 1959).

(b) Petitioner's request that this Court issue a certificate of probable cause under 28 U.S.C.A. § 2253 is denied.

(c) Since sufficient time remains for petitioner to pursue any other remedy he may have before his execution, his request for an extension or further stay of his execution is denied.