**L. L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellant-Appellee,**

v.

**James Edward PADGETT, Appellee-Appellant.**

**James Edward PADGETT, Appellant,**

v.

**L. L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

No. 23435.

United States Court of Appeals
Fifth Circuit.

July 8, 1966.

James G. Mahorner, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., State of Fla., Tallahassee, Fla., for appellant.

John Paul Howard, Jacksonville, Fla., for appellee.

James Edward Padgett, pro se.

Before TUTTLE, Chief Judge, and BROWN and COLEMAN, Circuit Judges.

PER CURIAM.

This is an appeal from a November 16, 1965, order of the District Court granting Appellee's petition for habeas corpus. On August 3, 1964, several months after the Supreme Court on June 22, 1964, handed down its decision in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, Appellee filed a petition for habeas corpus in the Federal District Court to test the constitutionality of his detention under a State Court conviction obtained on December 21, 1959. Among other things, Appellee alleged that his conviction was achieved by use of a confession which was either coerced, or obtained in violation of the rule of *Escobedo*. After a hearing, the District Court expressly recognized this to be an *Escobedo* situation, held that *Escobedo* was to be given retroactive application to convictions which had already become final, and granted the writ.

We must reverse this decision in light of the Supreme Court's recent holding that "*Escobedo* affects only those cases in which the trial began after June 22, 1964." Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 [June 20, 1966]. But in so holding, the Court was careful to point out:

"At the same time, our case law on coerced confessions is available for persons whose trials have already been completed * * *. * * * Prisoners may invoke a substantive test of voluntariness which, because of the persistence of abusive practices, has become increasingly meticulous through the years. * * * That test now takes specific account of the failure to advise the accused of his privilege against self-incrimination or to allow him access to outside assistance. * * * Prisoners are also entitled to present evidence anew on this aspect of the voluntariness of their confessions if a full and fair hearing has not already been afforded them."

384 U.S. at 730, 86 S.Ct. at 1779, 16 L.Ed.2d at 890. And while the Court in *Johnson* also held that its decision in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 [June 13, 1966] is not available to persons whose trials began before June 13, 1966, in the companion case of Davis v. State of North Carolina, 1966, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 [June 20, 1966], it made clear that "a significant factor in considering the voluntariness of statements later made" is "the fact that a defendant was not advised of his right to remain silent or of his right respecting counsel at the outset of interrogation, as is now required by *Miranda*." In view of the fact that the District Court, primarily concerned with the applicability of *Escobedo,* apparently never determined the voluntariness *vel non* of the challenged confession, we remand this case for further consideration and consistent proceedings by the District Court including such further hearings to supplement the present record as may be appropriate.

Reversed and remanded.