Leroy **WALTER**, Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Appellee.

No. 24066.

United States Court of Appeals Fifth Circuit.

Feb. 21, 1967.

Leroy Walter pro se.

Wallace E. Allbritton, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

The petitioner, Leroy Walter, was convicted in the Circuit Court of Dade County, Florida, of rape. He was sentenced to life imprisonment. He did not appeal his conviction directly, but he filed a motion under Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, which was denied by the Circuit Court. This denial was ultimately affirmed by the Florida Supreme Court. Therefore Walter has exhausted his state remedies, as required by 28 U.S. C.A. § 2254.

The district court denied his petition for a writ of habeas corpus without a hearing.

Walter narrates his plight as having begun with his arrest about April 1, 1955. He alleges that he was then held incommunicado for four months, without access to counsel, family, or friends. During this period, he says, a confession was extracted from him by the threat that he would get "plenty of time" unless he gave a statement. At trial the confession was used in evidence against him.

Walter did not directly appeal his conviction, and alleges that he was not advised of his right to appeal by his court-appointed counsel.

The district court rejected both petitioner's claim that he was denied due process when his confession was admitted and that he was denied effective counsel when his appointed counsel failed to advise him of his right to appeal. We hold that a hearing should have been granted on both issues.

■ With regard to the confession's admissibility, the respondent here contents itself with pointing out that the trial in the present case occurred before June 24, 1964, the date of decision of Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and that therefore the rule in that case is unavailable to the petitioner. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. This is correct so far as it goes. But while Escobedo and Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, end one era and start another, their "nonretroactivity * * * does not affect the duty of courts to consider claims that a statement was taken under circumstances which violate the standards of voluntariness which had begun to evolve" long before those decisions. Davis v. State of North Carolina, 1966, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895. Our Constitution is a continuum.

■ Such a voluntariness issue is presented by the petition in the present case, and the question of whether the confession was improperly used should be settled by study of the trial transcript (not now in the record here) and by a hearing if necessary. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L. Ed. 469, reh. den., Speller v. Allen, 344

U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370 (1953). Rogers v. Richmond, 1961, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760; Stickney v. Ellis, 5 Cir. 1961, 286 F.2d 755, cert. denied 365 U.S. 888, 81 S.Ct. 1041, 6 L.Ed.2d 198 (1961), reh. denied, 366 U.S. 933, 81 S.Ct. 1653, 6 L.Ed.2d 392 (1961); Johnson v. Ellis, D.C.Tex. 1961, 194 F.Supp. 258, affd. 5 Cir., 1961, 296 F.2d 325.

█ Under the doctrine of Wainwright v. Simpson, 5 Cir. 1966, 360 F.2d 307, petitioner should on the present record be awarded a hearing to bring out the facts concerning the possible deprivation of the right to appeal by failure of counsel to advise him of that right.

Reversed and remanded.