**Lloyd Harold MOODY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40211.**

Court of Criminal Appeals of Texas.

March 29, 1967.

Robert J. Seerden, Victoria, for appellant.

Wiley Cheatham, Dist. Atty., Cuero, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, fifty years.

Trial was had and notice of appeal given prior to January 1, 1966.

In our Cause No. 38,469, this appeal was dismissed for the lack of a sentence, and mandate issued. Thereafter, sentence was pronounced in accordance with the judgment of conviction and this appeal was docketed under the above-numbered cause.

The testimony of two eye witnesses reveals that while the appellant and the deceased were standing near each other arguing, the appellant told the deceased he was going to kill him, pulled a pistol, pointed it in his face and pulled the trigger; that the deceased had no weapons in his hands, which were down by his side at the time of the shooting, and no weapons were found on or near his body.

A physician, who examined the body of the deceased, testified that death was caused by a .22 caliber bullet entering the inner side of the right eye, going into the brain and lodging in the back of the skull; and that there were powder burns around the bullet entrance site.

The appellant did not testify. He called three witnesses but they were not present at the time of the shooting.

█ It is concluded that the evidence is sufficient to support the conviction.

The refusal of the trial court to grant his motion for discovery with respect to a tire tool and for it to be produced in court for inspection by the appellant and his counsel is urged as a ground of error.

The discovery motion was filed the day the trial began, but the record fails to show that the state was given or had notice of it, or, that it was ever presented to or acted upon by the trial court. At the close of the evidence, the appellant orally stated that he renewed his motion for the state to produce the tire tool. At this time the state's attorney stated: "Your Honor, they can call any witness they want." The motion was overruled. Officer Bone testified at the hearing on motion for new trial that he told appellant's counsel during the trial that he found the tire tool. Bone was available during the trial as a witness but not called.

The evidence on the trial on the merits reveals nothing pertaining to the use of a tire tool at the time of the shooting.

The evidence shows an argument between appellant and deceased at a tavern and then appellant went home in his car. Appellant's mother testified that the deceased came to their house in his car, got out, and drew back with a "stick or something" but never struck the appellant, and they drove away in separate cars. They soon returned near the tavern where they again argued, the shooting followed, and the deceased fell to the ground, dying instantly.

On motion for new trial, Officer Bone, one of the arresting officers, testified that on the way from appellant's home to the police station, the appellant told them that the deceased had a tire tool in his hand but never said he threatened to use it and he (deceased) threw it in the back seat of his car, and he (Bone) found it under the right front seat of deceased's car and placed it in the property room at the police station; that he told other officers about the tire tool; and he also told appellant's counsel during the trial that he found the tire tool; and that he was available as a witness during the trial.

█ The trial court did not abuse its discretion in overruling the oral motion for the state to produce the tire tool.

█ As a ground of error, the appellant insists that error was committed when the eye witness McDade testified that the next time (after the shooting) he saw the appellant was "The night he got after me." No objection was made to this testimony. Nothing is presented for review.

Error is also urged on the ground that the court failed to charge the jury on the law applicable to self-defense.

A review of the testimony fails to reveal any evidence raising the issue of self-defense. No error is shown.

The sentence reading "not less than 5 nor more than 50 years" is reformed to read "not less than 2 nor more than 50. years."

With the sentence as reformed, the judgment is affirmed.