James Edward PADGETT, Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.

No. 24720.

United States Court of Appeals Fifth Circuit.

Dec. 28, 1967.

Rehearing Denied Feb. 6, 1968.

* Sitting by designation.

was then denied for the reason that the District Court found appellant's signed statement of July 15, 1959, to have been voluntarily made. A review of this voluminous record convinces us that the judgment should be affirmed, Smith v. Heard, 5 Cir., 1963, 315 F.2d 692.

Affirmed.

James Edward Padgett, pro se.

David U. Tumin, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before COLEMAN and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

This appellant from denial of a writ of habeas corpus is a Florida State convict serving a life sentence imposed upon conviction for first degree murder. There was no direct appeal, but the appellant exhausted his State post-conviction remedies as is required by 28 U.S.C.A. § 2254.

Following a full evidentiary hearing, the United States District Court granted habeas corpus relief on the authority of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1963). This Court reversed because *Escobedo* is not retrospective in effect, Johnson v. State of New Jersey, 384 U. S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), but remanded for adjudication of the issue of voluntariness of the alleged confession under pre-*Escobedo* standards. Wainwright v. Padgett, 5 Cir., 1966, 363 F.2d 822.

In obedience to our mandate, the District Court held another evidentiary hearing at which the appellant and other witnesses testified. The habeas corpus