**Clinton W. DELESPINE, Petitioner,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 67–H–444.**

United States District Court
S. D. Texas,
Houston Division.
Nov. 27, 1968.

Will Gray, Houston, Tex., for petitioner.

Crawford C. Martin, Atty. Gen. of Texas, Austin, Tex., and Thomas F. Keever, Asst. Atty. Gen. of Texas, Houston, Tex., for respondent.

## MEMORANDUM AND JUDGMENT

INGRAHAM, District Judge.

Petitioner, Clinton W. Delespine, was convicted of murder and sentenced in the Criminal District Court of Harris County, Texas, in Cause No. 104,259, on October 30, 1963. The punishment was assessed at ninety-nine years confinement in the state penitentiary. The conviction was affirmed by the Texas Court of Criminal Appeals, Delespine v. State, 396 S.W.2d 133 (Tex.Crim.App. 1965), and certiorari to the Supreme Court of the United States was denied, Delespine v. Texas, 384 U.S. 1019, 86 S. Ct. 1975, 16 L.Ed.2d 1043 (1966). Petitioner's application for the writ of habeas corpus was denied by the 174th District Court of Harris County, Texas, on February 25, 1968, and by the Texas Court of Criminal Appeals on March 11, 1968. Petitioner has therefore exhausted his state remedies pursuant to Vernon's Ann.Tex.Code. Crim.P. Art. 11.07.

An evidentiary hearing on petitioner's application for the writ of habeas corpus filed in this court was held on July 8, 1968. At the conclusion of the hearing, the court requested counsel to file briefs within three weeks, and reply briefs two weeks thereafter. Counsel for petitioner timely filed his brief on August 7, 1968. At this late date, despite numerous requests, counsel for the State has yet to submit a brief. The court is therefore forced to decide this case with the benefit of the one brief before it. To delay longer would not be in the interests of justice, and indeed, the interests of justice have been ill-served by the delay so far, caused by the apparently unconcerned attitude of the assistant attorney general.

The court will therefore proceed to enter a decision on the merits, the following to constitute findings of fact and conclusions of law pursuant to Fed.R. Civ.P. 52.

Petitioner alleges that his imprisonment is unlawful and in violation of the fourth, fifth, sixth and fourteenth amendments in several respects, all of which relate to the issue of the voluntariness and admissibility of his confession. He contends that:

1. He was denied a fair hearing and a reliable determination of the voluntariness of his confession in that:

(a) the trial judge filed findings of fact ex parte over two years after trial;

(b) the findings were invalid because they were based upon false or misleading testimony;

(c) the trial judge, in determining the admissibility of the confession, considered evidence going to the truth or falsity of the confession;

2. The confession was the fruit of an illegal arrest and an unlawful detention; and

3. The confession was involuntary under the totality of the circumstances.

■ The record of the proceedings in the trial court reflect a lengthy hearing on the voluntariness of petitioner's confession held by the trial judge out of the presence and hearing of the jury. The transcript of the hearing covers 173 pages of testimony. At the conclusion of that hearing, the confession was allowed to be submitted to the jury, the judge stating, "I rule it is a question of fact for the jury * * *" (S.F. 756). Petitioner alleges that this ruling fails to show a "reliable and clear cut determination" of the issue of voluntariness as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). See Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967). Were the transcript the sum and substance of the record before this court, the inclination would be to agree that the trial judge's ruling was not "clear cut". However, the trial judge filed findings of fact, appended to this memorandum as Appendix A, which clearly show that he made an independent determination of the voluntariness of petitioner's confession. This court is permitted to examine the entire record before it to determine whether the dictates of Jackson v. Denno were met, Smith v. Texas, 395 F.2d 958 (5 CA 1968). The "record" does not mean merely the transcript of the trial, but other evidence as well. This court may therefore examine those findings to determine whether the trial court procedure comports with Jackson v. Denno.

■ Petitioner's contention that the trial court's filing of the findings two years after trial denied him due process is without merit. The fact that the findings were belatedly filed was of no consequence to the Texas Court of Criminal Appeals (see opinion of that court, supra 396 S.W.2d at 135) and is of no consequence here. The court is unaware of any decision which labels as unconsti-tutional the failure of a federal district judge to promptly file his findings and conclusions. If such is the case in the federal courts, the court cannot perceive a similar error (if indeed it is error) in the state courts to be of constitutional stature.

■ Petitioner's contention that the findings are defective in that they are based on false or misleading testimony is also without merit. The record before the court does not disclose any "vital flaw" in the state proceedings which would warrant a contrary finding as regards the credibility or the weight to be given the testimony of the witness. In this situation the court is permitted to accept the trial judge's determination of the facts as enunciated in his findings. See Johnson v. Ellis, 194 F.Supp. 258 (S.D.Tex.1961), aff'd, 296 F.2d 325 (5 CA), cert. denied, 369 U.S. 842, 82 S.Ct. 873, 7 L.Ed.2d 846 (1961). The evidence adduced at the hearing in this court and the pertinent testimony from the state proceedings cited in the petitioner's brief do not contradict in any substantial manner the state court's findings. This court accepts them as its own.

■ In essence, three questions of law are presented. The first, whether the hearing on the voluntariness of the confession met the requirements of Jackson v. Denno, has been answered in the affirmative. The second, whether the confession was the fruit of an illegal arrest and unlawful detention, was answered in the negative by the trial judge, applying the correct state and federal standards. The court finds the conclusion fully supportable in the record and in the evidence heard before the court. The court holds that petitioner's contention is without merit.

■■ The last question is whether the trial judge applied an incorrect constitutional standard by considering evidence going to the truth or falsity of the confession in determining its admissibility. The question is actually, in the first instance, one of fact. If there is

substantial evidence which would demonstrate that the trial judge based his decision upon whether the confession was reliable, the legal conclusion would be that an error of constitutional dimension was committed. See Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L. Ed.2d 760 (1961). Counsel for the petitioner raised this contention in the petition, but he has failed to refer to a single line of specific testimony which would substantiate the allegation. Nor has he pursued the contention in his brief. Although the court could deem the contention abandoned, a thorough examination of the record has already been made. From that examination, the court concludes that there is no substantial evidence that the trial judge based his decision on whether the matters contained in the confession were true or false. If there had been such evidence, the findings submitted by the trial judge would have dispelled any suspicion of constitutional error.

Petitioner's constitutional rights have in no way been violated. It follows that his application for the writ of habeas corpus should be denied.

It is, therefore, ordered, adjudged and decreed that the petition of Clinton W. Delespine for the writ of habeas corpus be and it is hereby denied.

## APPENDIX A

### No. 104,259.

| | |
|---|---|
| THE STATE OF TEXAS | IN CRIMINAL DISTRICT |
| V. | COURT OF |
| CLINTON W. DELESPINE. | HARRIS COUNTY, TEXAS |

---

### FINDINGS OF FACT ON THE ISSUE OF THE VOLUNTARY NATURE OF CONFESSION OFFERED IN EVIDENCE

During the trial of the above styled and numbered cause, commenced on the 9th day of September, A.D. 1963, the Defendant's attorneys asked that the jury be retired, and the jury was retired. In the absence of the jury, Defendant's attorneys stated that they were informed that the State had in its possession a statement which they intended to offer into evidence and requested a hearing out of the presence of the jury, which the Court granted. The Defendant, his counsel, and State's counsel were present; and the alleged confession was marked State's Exhibit No. 35 for identification.

Whereupon, evidence was adduced before the Court bearing upon the facts and circumstances surrounding the arrest of the Defendant, and the subsequent taking of the alleged confession (State's Exhibit No. 35 for identification). At the conclusion of the evidence, the Court admitted said confession into evidence as State's Exhibit No. 35, the Court having found as a matter of law that the confession was voluntarily made by the Defendant, the evidence having established beyond a reasonable doubt that the same was freely and voluntarily made. In support of the Court's action, the Court finds the following facts:

1. This Court finds beyond a reasonable doubt that the Defendant, Clinton W. Delespine, gave a voluntary statement which was reduced to writing on January 30, 1963.

2. The Court further finds beyond a reasonable doubt that at the time of the giving of this statement that Clinton W. Delespine was twenty-three years of age, in good health, in good physical condition, of sound mind and aware of what he was doing at the time he signed this statement.

3. This Court finds beyond a reasonable doubt that this statement was made to D. M. Fults, a detective in the Homicide Division of the City of Houston Police Department and that prior to the giving of this statement by Clinton W. Delespine, that Detective Fults advised Clinton W. Delespine fully of his rights and warned him: First, that he (Clinton W. Delespine) did not have to make any statement at all; and, second, that any statement made by him must be voluntarily on his part, and that it might be used in evidence against him on his trial or trials for the offense or offenses concerning which the statement is made.

4. This Court further finds beyond any reasonable doubt that after Clinton W. Delespine had been given this warning, that he gave a voluntary statement to D. M. Fults, and at the time he gave this statement that the Defendant had not been mistreated, physically abused, threatened in any manner or promised anything of any kind or nature by Detective Fults, or any other person, to induce the giving of this statement and, further, this Court finds that the Defendant read this statement and told the officers the statement was true and correct, and then signed the statement in the presence of Kent Demaret, Assistant City Editor of the Houston Press, and Charles E. Schneider, III, a news reporter for the Houston Post.

5. This Court further finds beyond a reasonable doubt that Clinton W. Delespine signed the statement with his first name "Clinton", stating that it was and fully intending that such was to be regarded as his signature.

6. This Court further finds beyond a reasonable doubt that Clinton W. Delespine was arrested by George E. Chapman, a detective with the City of Houston Police Department, and that at the time of the arrest George E. Chapman had probable cause to believe the Defendant, Clinton W. Delespine, had committed the felony offense of Murder, and at the time of said arrest that George E. Chapman did not have time to secure a warrant for fear Clinton W. Delespine would escape.

7. This Court further finds that from the time of his arrest until he signed the confession, Clinton W. Delespine did not request nor seek to obtain advice from his lawyer. However, Delespine did have a conversation by telephone with Attorney M. Gabriel Nahas between 11:00 p. m. and midnight, January 29, 1963, just prior to the time he dictated the confession introduced into evidence.

8. This Court further finds beyond a reasonable doubt that from the time of the arrest to the signing of the statement, which is State's Exhibit No. 35 in said cause, that Clinton W. Delespine did not appear to be frightened, and that he was given food and drink by Detective Fults, and treated courteously by Fults and the other police officers investigating the case.

9. This Court finds that from the time of the arrest of Clinton W. Delespine at 12:00 noon until 5:30 p. m., he was questioned only briefly while incarcerated in the City Jail. This Court finds that from 5:30 p. m. until approximately 8:30 p. m. the same day, the Defendant was questioned by Detective Fults. From 8:30 p. m. until 9:00 p. m., Clinton W. Delespine and Detective Fults ate dinner in the Police Cafeteria. From 9:00 p. m. until approximately 12:30 a. m. the next morning, January 30, 1963, Clinton W. Delespine was questioned by Inspector W. W. Stephenson in Stephenson's office. Between 12:30 a. m. and 1:45 a. m. Clinton W. Delespine dictated the statement which Detective Fults typed. The statement was signed by Clinton W. Delespine before 4:00 a. m., January 30, 1963. At no time after this Defendant was in custody, from his arrest until the statement was given, was he in any way abused, in any way influenced, nor persuaded or compelled by force, threats or fraud to give said statement, and that he was alert and mentally competent at the time he gave the confession to Fults. Further, the

Court finds that the Defendant was not promised anything of any kind by anyone before or at the time he gave this statement.

10. All of the above findings made by this Court are based not only upon the testimony of these witnesses but also upon this Court's personal observation of the demeanor and manner in which each of these witnesses testified. Considering all of the facts and findings and chain of events concerning this case and the statement given herein, this Court is convinced beyond a reasonable doubt that this statement was voluntarily made by the Defendant.

The Court is convinced that this statement was made voluntarily and in accordance with the statutes and case law of the State of Texas and of the United States.