432 F.2d 74
 Lloyd Harold MOODY, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Dept. of Corrections, Respondent-Appellee.
 No. 29440 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 29, 1970.
 
 Lloyd H. Moody, pro se.
 Crawford C. Martin, Atty. Gen. of Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers and Allo B. Crow, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Lloyd H. Moody, a state prisoner, appeals from an order denying his application for the writ of habeas corpus. He contends that his conviction of murder with malice[1] is invalid on two grounds: (a) that he was denied the right to consult counsel during his interrogation by state officials, and (b) that he was denied the right to compulsory process of witnesses. We reject both claims.
 
 
 2
 After a full evidentiary hearing at which he was represented by court-appointed counsel, the district court made the following finding as to his first contention:
 
 
 3
 Petitioner was at no time denied the right to counsel. On the contrary, however, when Petitioner requested the opportunity to call counsel, such opportunity was afforded him.
 
 
 4
 * * * * * *
 
 
 5
 The confession * * * was freely and voluntarily given without any threats or force or coercion against Petitioner after Petitioner was warned that any statement he made could be used as evidence against him.
 
 
 6
 Neither the statement which Petitioner gave nor any evidence obtained as a result of such confession was offered or admitted in evidence and neither the police officer which took the statement or any other police officer testified at Petitioner's trial.
 
 
 7
 With regard to his second contention, the court found:
 
 
 8
 Petitioner was not denied the opportunity or the right to subpoena any witness in his behalf. To the contrary, the witness which he alleges was denied him, was subpoenaed on three occasions by the State, but was never located.
 
 
 9
 Petitioner was at no time denied the right to compulsory attendance of witnesses.
 
 
 10
 A review of the record, which includes a transcript of the evidentiary hearing held below, reveals no clear error in these findings.[2] The judgment below is affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 His conviction was affirmed in Moody v. State, 413 S.W.2d 109 (Tex.Cr.App. 1967). He filed two applications seeking post-conviction relief in the State Courts of Texas prior to the filing of his petition in the United States District Court. Both were denied without an evidentiary hearing
 
 
 [2]
 Fed.R.Crim.P. 52(a); Smith v. Heard, 315 F.2d 692 (5th Cir.), cert. den. 375 U.S. 883, 84 S.Ct. 154, 11 L.Ed.2d 113 (1963); King v. Heard, 310 F.2d 127 (5th Cir.), cert. den. 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81 (1963)