**Thomas Howell SKELTON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 30794
Summary Calendar.[*]

United States Court of Appeals, Fifth Circuit.

March 19, 1971.

Rehearing Denied and Rehearing En Banc Denied April 23, 1971.

---

[*] Senior Circuit Judge, 6th Circuit, sitting by designation.

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F. 2d 966.

[*] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**1352**

Thomas H. Skelton, pro se.

Gerald J. Gallinghouse, U. S. Atty., Robert L. Livingston, Jr., Asst. U. S. Atty., New Orleans, La., for the United States.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from the District Court's denial of Skelton's motion to vacate judgment and sentence under 28 U.S.C.A. § 2255. We affirm.

On May 4, 1966 Skelton pleaded guilty to two counts of interstate transportation of stolen motor vehicles in violation of 18 U.S.C.A. § 2312. He was sentenced to serve an indeterminate sentence under the Youth Corrections Act. He now challenges the validity of those convictions on the ground that his guilty plea was not entered with an understanding of the consequences because he was not aware that he could be required to serve six years as a youth offender.[1]

After conducting an evidentiary hearing the District Court found that Skelton had been fully advised of the maximum imposable sentence, both under the Youth Corrections Act and under 18 U.S.C.A. § 2312, prior to the acceptance of the guilty plea. Therefore it concluded that his contention was without merit.

An examination of the entire record, including the transcript of Skelton's arraignment proceedings, shows beyond any doubt that Skelton was properly apprised of the consequences of his plea before it was entered. *See* Caraway v. Beto, 5 Cir. 1970, 421 F.2d 636; Curry

v. Wainwright, 5 Cir. 1969, 416 F.2d 379; Smith v. Heard, 5 Cir. 1963, 315 F.2d 692, cert. denied 1963, 375 U.S. 883, 84 S.Ct. 154, 11 L.Ed.2d 113.

Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GEWIN *, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is Denied.

---

1. The maximum prison sentence provided for a violation of 18 U.S.C. § 2312 is five years.

* Judge Gewin was out of the Circuit and did not participate in this opinion.