Eddie James **CURRY**, Plaintiff-Appellant,

v.

**Louie L. WAINWRIGHT**, Director, Division of Corrections, State of Florida, Defendant-Appellee.

No. 27279

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 26, 1969.

Eddie James Curry, pro se.

Earl Faircloth, Atty. Gen., of Florida, Tallahassee, Fla., Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., for defendant-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

Eddie James Curry, a prisoner of the State of Florida, appeals from the denial of his petition for habeas corpus by the district court. We affirm.

■ At the outset we must rule on the merits of the appellee's motion to dismiss the appeal on grounds of failure to timely file a notice of appeal. After holding an evidentiary hearing, the district court reserved ruling on the merits of the habeas petition and the appellant was returned to the Florida State Prison at Raiford. The final order denying the writ was filed on August 27, 1968, but there is nothing in the record to show that a copy of the order was served on the appellant, nor that he was notified of its entry.

The appellant wrote a letter to the court dated October 28, 1968, asking if any final decision had been made. He contends that the first he knew of it was when he received a letter from the Judge's secretary dated November 7, 1968. Thereafter, on November 21, 1968, the district court clerk's office received the appellant's motion for a certificate of probable cause and leave to appeal *in forma pauperis*, which the court granted on December 13, 1968.

We are satisfied that the appellant did not know of the final judgment until he received the letter of November 7, 1968, from the Judge's secretary. In Boruff v.

United States, 5th Cir. 1962, 310 F.2d 918, we held that the period for filing notice of appeal did not commence to run until the appellant was notified of his right to appeal. *Accord*: Bunn v. United States, 5th Cir. 1966, 369 F.2d 809; United States v. Smith, 6th Cir. 1967, 387 F.2d 268. The reason of the rule is stronger in the case *sub judice*, in which the appellant did not even know that judgment had been entered against him. We hold that the application for certificate of probable cause and for leave to appeal *in forma pauperis* was timely filed *qua* notice of appeal, and accordingly we deny the motion to dismiss the appeal.

■ We turn now to the merits of the appeal, whereupon the appellant contends that his plea of guilty of manslaughter was involuntary. At the evidentiary hearing in the district court, the appellant testified in support of his contention. The former public defender, who is now the judge of a state trial court, testified to facts which refuted the appellant's contentions.

The appellant's former attorney testified that he fully advised the appellant of his rights, and that the appellant freely and voluntarily decided to plead guilty of the lesser included offense of manslaughter. The appellant's trial for second degree murder had commenced; and the decision to plead came after the appellant heard the prosecutor's opening statement to the jury.

The district court credited the testimony of appellant's former counsel as supported by the transcript of the state proceedings, rather than that of the appellant. The court below held that the plea of guilty was freely and voluntarily entered, stating findings and conclusions in a detailed memorandum opinion which has not been published. We see no good reason to repeat the facts of the case in this opinion. Upon careful examination of the entire record, we have found no clear error in the judgment below; rather we are firmly of the opinion that it is correct. See Rule 52(a). F.R.Crim.

P.; Tyler v. Beto, 5th Cir. 1968, 391 F. 2d 993, cert. denied 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574; Smith v. Heard, 5th Cir. 1963, 315 F.2d 692.

Affirmed.