**Roger Dale RYALS, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 81–1217**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1981.

Roger Dale Ryals, pro se.

Douglas M. Becker, Charles A. Palmer, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

PER CURIAM:

Appellant, Roger Ryals, is currently serving life imprisonment for theft and unauthorized use of a motor vehicle; two prior convictions were used for enhancement. The instant *pro se* appeal stems from the district court's denial of his application for writ of habeas corpus. Because the notice of appeal was not timely filed, and because such filing is a necessary prerequisite for appellate review, this appeal must be dismissed.

On appeal, Ryals has asserted numerous theories under which he claims habeas corpus relief should be granted.[1] In its response, appellee attempted to negate those theories. What both parties failed to recognize, however, was that Ryals neglected to timely file his notice of appeal within the time limit set forth in Fed.R.App.P. 4(a). Under that Rule, notice of appeal for cases such as the one before us must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. Here, appellant had not filed an appeal until 21 days after the 30-day time limit for filing had expired.[2]

Furthermore, no motion for an extension of the time had been filed.

Since Fed.R.App.P. 4(a) was amended in August of 1979, this circuit has held a tight rein on the timely-filed requirement. As was pointed out in *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521, 523 (5th Cir. 1980), the amended rule prohibits the granting of relief from an untimely filing unless a motion to excuse the delay is itself made no later than thirty days after the expiration of the period prescribed in Rule 4(a) for filing a notice of appeal. In other words, within 60 days from the date of judgment. No such motion was filed here.

Normally, the discussion of this issue would end here; however, one further point needs to be laid to rest. Subsequent to the expiration of the 30-day time limitation, and after appellant had filed this appeal, the district court granted a certificate of probable cause for appeal.[3] In the recent decision of *Barksdale v. Blackburn*, 647 F.2d 630, 631–32 (5th Cir. 1981), this court stated that

> We cannot construe the district court's grant of a certificate of probable cause for appeal ... as an implicit finding by that court of excusable neglect in the tardy filing of the notice of appeal, for neither the question of timeliness of filing nor that of an excuse for failure to file timely was presented to the district court.

But in a slip opinion issued one month after *Barksdale*, another panel indicated that a district court's granting of a certificate of probable cause could be construed as a finding of excusable neglect in order to make a late-filed notice of appeal timely. *Starling*

1. Included in that barrage were allegations that the prosecutor suppressed exculpatory evidence, thereby denying Ryals a fair trial and due process of law; that Ryals was denied effective assistance of counsel; and that he also was denied due process of law because he was reindicted as a habitual offender.

2. The district court's order dismissing the habeas petition was filed on March 4, 1981. Ryals had not filed an appeal to this court until April 24, 1981—51 days after the writ had been denied.

3. Fed.R.App.P. 22(b) provides that "[i]n a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause."

*v. Estelle*, 651 F.2d 1082 (5th Cir., 1981).[4] Although the advance sheet publication deleted the reference to the certificate of probable cause as a finding of excusable neglect,[5] it impliedly construed it by reaching the merits of the case. Implicitly, then, it would seem that a conflict exists between *Starling* and *Barksdale*. That conflict, however, is in appearance only. It has long been a rule of this court that no panel of this circuit can overrule a decision previously made by another. The proper procedure would have been for the court or an appellant to petition for rehearing en banc. Neither was done in *Starling*. No doubt the *Starling* panel attempted to comply with this rule by summarily ending footnote one's brief life; however, by going on to the merits, the underlying rationale was not killed, but merely maimed. That panel was bound, as we are today, by the result reached in *Barksdale*.

Throughout this discussion we are mindful of the fact that petitioner has proceeded *pro se*, and is no doubt unfamiliar with many of the intricacies of appellate procedure. Had the certificate of probable cause been granted within the 30-day limitation, and had the district court treated it as a motion for a finding of excusable neglect and granted the same, we would not have refused to find jurisdiction. However, by granting the certificate after the time period had run, a district court cannot provide us with jurisdiction where none existed before.

Accordingly, bound by the amended Fed. R.App.P. 4 and our subsequent cases interpreting it, we DISMISS the appeal.

**4.** That reference was incorporated into note 1 of that opinion, which reads as follows:

Although notice of appeal was filed two days past the 30-day limit allowed by Fed.R. App.P. 4(a), the appeal is timely since we construe the district court's order granting a certificate of probable cause as a finding of excusable neglect. *See United States v. Quimby*, 636 F.2d 86 (5th Cir. 1981).

**5.** *Starling v. Estelle*, 651 F.2d 1082 (5th Cir. 1981).