Hobert JONES, Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 82–1174

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 14, 1982.

Certiorari Denied April 4, 1983.

See 103 S.Ct. 1528.

Sylvia M. Demarest, (Court-appointed), Dallas, Tex., for petitioner-appellant.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

This involves an appeal from denial of habeas relief by judgment entered September 30, 1980. Because notice of appeal was not filed until 13 months after entry of judgment, well outside the 30-day appeal period, this court lacks jurisdiction and must dismiss the appeal.

In April 1973, petitioner-appellant shot two men in two unrelated robbery attempts in Texas. Two indictments were returned against him, and in August 1973 a jury found him guilty on two counts of assault with intent to murder with malice aforethought. He was sentenced to 25 years imprisonment for each offense, with the sentences to run concurrently.

The petitioner did not appeal these convictions. He has, however, filed four applications for writ of habeas corpus and has exhausted his state remedies.

The application with which we are presented claims ineffective assistance of counsel in that counsel failed to object to joint trial of the two indictments. In June 1980 a United States Magistrate conducted an evidentiary hearing, and on August 20, 1980, entered a recommendation that habeas relief be denied. On September 4, 1980, petitioner's attorney filed objections to the magistrate's recommendation; however, on September 30, 1980, the district court entered its order denying relief.

No more was heard from petitioner or his counsel about this matter until a *pro se* appeal was filed on November 2, 1981, 13 months after entry of the judgment.

Petitioner's counsel states that she never received notice of the entry of judgment and that the failure to file the appeal within the 30-day period prescribed under Fed. R.App.Proc. 4(a)(1) should therefore be excused. The docket sheet in this case indicates that a copy of the judgment was mailed from the Amarillo Division to counsel.

Certificate of probable cause was sought by the petitioner and initially was denied, with affirmance of that denial by this court in January 1982. Petitioner's counsel reurged issuance of CPC, stating that no copy of the judgment had ever been received by her. The district court thereupon issued CPC in March 1982. In its order granting CPC, the district court stated that "It appears that a copy of the Court's Judgment was mailed to the Petitioner on September 4, 1980. However, a copy of the Judgment was not mailed to his attorney." This is confusing in three respects. First, the docket entry notes "cpy to counsel by A. office." Second, the date by the entry is September 30, 1980. Third, the judgment and order were not entered until September 30, 1980, so the copy could not have been mailed 26 days previously on September 4. September 4 is the date of the previous docket entry, which noted filing of petitioner's objections to the magistrate's recommendations.

Even crediting counsel's assertion that she did not receive notification of entry of

 

the judgment, we must dismiss this appeal for lack of jurisdiction.

Fed.R.Civ.P. 77(d) provides in part that "Lack of notice of the entry [of judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." [1]

We have applied Rule 77(d) strictly. *Barksdale v. Blackburn,* 647 F.2d 630 (5th Cir. 1981) (appeal noticed 1 day late); *In re Morrow,* 502 F.2d 520 (5th Cir. 1975) (appeal noticed 69 days late); *Jackson v. Decker,* 451 F.2d 348 (5th Cir. 1971) (appeal noticed 75 days late). "To permit an appeal where there is failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d)." *Morrow,* 502 F.2d at 523.

As we discuss in *Fidelity & Dep. Co. v. Usaform Hail Pool, Inc.,* 523 F.2d 744, 749 (5th Cir. 1975), underlying the rule is the implicit burden on the party and counsel to make "periodic inquiries" into the course of the proceedings. This burden clearly is applicable here. The magistrate's recommendation was filed in late August 1980. Objection was filed by counsel on September 4. Almost 14 months later, petitioner himself made inquiry and filed appeal.

There are no unique circumstances here such as would demand vacation and reentry of judgment under Fed.R.Civ.P. 60(b). Nor are there circumstances such as were present in *Curry v. Wainwright,* 416 F.2d 379 (5th Cir. 1969), where the *pro se* petitioner did not learn of entry of judgment until he inquired to the court by letter. In *Curry* the petitioner acted with reasonable diligence, inquiring into the matter within 2 months of entry. Here, there is no showing that the petitioner did not receive timely notice of appeal. Additionally, petitioner was represented by counsel. Our need for the finality of judgments precludes excusing a 13-month delay.

1. Under Fed.R.App.Proc. 4(a)(5), "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later

For these reasons, therefore, the appeal is dismissed for want of jurisdiction.

than 30 days after the expiration of the time prescribed by this Rule 4(a)." Clearly, petitioner has not come within the extended time limit.