Vernell NELSON, Petitioner-Appellant,

v.

Charles C. FOTI, Jr., Sheriff, and Attorney General, State of Louisiana, William J. Guste, Jr., Respondents-Appellees.

No. 82–3260

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 13, 1983.

Rehearing and Rehearing En Banc
Denied Aug. 12, 1983.

Vernell Nelson, pro se.

William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Acting *pro se,* petitioner Vernell Nelson appeals the lower court's denial of relief on his ineffective assistance of counsel claim. Nelson was convicted of armed robbery and sentenced as a second offender to fifty years in the Louisiana penitentiary. We do not reach the merits of his appeal because the notice of appeal was not timely filed and such filing is mandatory to the exercise of our jurisdiction. We are therefore bound to dismiss the appeal for failure to file timely notice.

Adopting a magistrate's report which denied Nelson habeas relief, but which did not advise the parties that they were to file written objections to the report within ten days after its adoption, *see, Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982) (en banc),[1] the district court entered judgment on December 3, 1981. The docket sheet does not indicate when Nelson was apprised of the district court's decision. In a letter to the district judge dated April 12, 1982, Nelson wrote and advised the court that he had "recently received notice" of the dismissal of his habeas writ. He observed in his letter that:

> Because I was denied an opportunity to object to the magistrate's report and recommendation, and an opportunity to appeal the court's decision, I should be ex-

---

**1.** A magistrate's failure to advise the parties of the *Nettles* requirement places no limitation on our review of the magistrate's factual findings, *see Nettles v. Wainwright, supra; Tijerina v. Estelle,* 692 F.2d 3 (5th Cir.1982); however, it does not serve to cure the defect of an untimely filed notice of appeal. The *Nettles* requirement is addressed to the scope of review of factual findings and F.R.A.P. 4(a) speaks to our jurisdiction. The interests are not interchangeable.

cused and allowed to appeal the decision dismissing my application for writ of habeas corpus.

Therefore, it is hereby moved that my case be allowed to proceed on appeal, in forma pauperis, to the Fifth Circuit Court of Appeals.

On April 21, 1982, the district court treated Nelson's letter as a notice of appeal, granted a certificate of probable cause and leave to appeal in forma pauperis.

■ F.R.A.P. 4(a) provides that an appeal from a final judgment must be filed within 30 days of entry of judgment. Thus, a timely notice of appeal is a mandatory precondition to the exercise of our jurisdiction. Nevertheless, before the 1979 amendments to Rule 4(a), this Court carved out an exception to this seeming jurisdictional bar for litigants proceeding *pro se.* In *Curry v. Wainwright,* 416 F.2d 379 (5th Cir.1969), this Court held that as to a *pro se* prisoner, the time for filing the notice of appeal does not begin to run until he is notified of entry of the judgment. *See also Boruff v. United States,* 310 F.2d 918 (5th Cir.1962); *Bunn v. United States,* 369 F.2d 809 (5th Cir.1966). In *Boruff,* we held that the period for filing notice of appeal did not commence to run until the appellant, unrepresented by legal counsel during the period for filing an appeal, was notified of his right to appeal. In *Curry,* we stated that the justification for the rule laid down in *Boruff* is stronger in situations where the *pro se* appellant does not even know that judgment has been entered. 416 F.2d at 380.

■ Since the 1979 amendments to Rule 4(a) however, we have adhered strictly to its mandate. The amended rule forbids a grant of relief from an untimely filed no-

tice of appeal unless a motion to excuse the delay is made no later than 30 days *after* the expiration of the 30-day period prescribed for filing a notice of appeal. In other words, a party may move the district court to excuse the delay in filing a timely notice of appeal if such motion is made within 60 days from the date of judgment. *See Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d 521 (5th Cir. 1980); *Barksdale v. Blackburn,* 647 F.2d 630 (5th Cir.1981) (per curiam); *Ryals v. Estelle,* 661 F.2d 904 (5th Cir.1981) (per curiam).

In *Ryals* and *Barksdale,* the appellant was proceeding *pro se.* In neither case was there a citation to our decisions in *Curry* and *Boruff.* At first blush, it would seem that these sets of cases are in conflict. But upon closer examination the perceived conflict is *merely* an apparition, it is not real. In *Ryals* and *Barksdale,* the court was interpreting Rule 4(a) in light of the 1979 amendments as promulgated by the Supreme Court and enacted by Congress.[2] Hence, the latter cases have done no violence to our long standing rule that no panel of this Circuit can overrule a decision previously made by another. Rather, in the post-amendment cases, the court was following express commands from Congress.

■ We recognize that Nelson's contention is that since he was not notified of the entry of judgment, he should be relieved of the requirement that he file a timely notice of appeal.[3] Absent the 1979 amendments to Rule 4(a), we may assume *Curry* and *Boruff* would make this argument decisive. We must reject it nevertheless for very pertinent reasons.

---

**2.** In neither *Ryals* nor *Barksdale* is there any indication that an issue was presented regarding when the habeas petitioner received notice of the entry of judgment.

**3.** More recently, in *Jones v. Estelle,* 693 F.2d 547 (5th Cir.1982), we refused to entertain an appeal lodged by a habeas petitioner some 13 months after the entry of judgment whose claim was that he had not received notification of the entry of judgment from the clerk. Attributing some deference to the decision in *Curry,*

we observed in *Jones* that the habeas petitioner there was not proceeding *pro se,* therefore, the case presented no facts which would justify our reaching the merits of his appeal. We further took notice of the fact in *Jones* that a copy of the district court's judgment had been mailed to Jones' attorney, though it apparently had not been received. We were also faced with a delay of over 13 months before the slightest inquiry was even made about the entry of judgment.

F.R.Civ.P. 77(d) provides in part that "lack of notice of the entry [of judgment] by the Clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Rule 77(d) has been strictly applied in this Circuit. *See In re Morrow,* 502 F.2d 520, 523 (5th Cir.1979) ("To permit an appeal where there is a failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d)."); *Jones v. Estelle, supra; Wilson v. Atwood Group,* 702 F.2d 77 (5th Cir.1983) (en banc pending).

In light of this authority, we are compelled to dismiss Nelson's appeal for a 138 days delay in filing a notice of appeal. We are of the view that the post-amendment jurisprudence, Rule 77(d), and the notions of the need for finality of judgments preclude us from entertaining this appeal. Accordingly, this appeal is dismissed.

DISMISSED.