IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11324
Conference Calendar
_____

LARRY DEWAYNE YOUNG,

                                          Plaintiff-Appellant,

versus

BRENDA L. BAXLEY; D. BIERA,

                                          Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CV-199-R
--------------------
June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:*

    Larry Dewayne Young, Texas inmate #579131, moves for leave
to appeal in forma pauperis (IFP).  "To proceed on appeal [IFP],
a litigant must be economically eligible, and his appeal must not
be frivolous."  Jackson v. Dallas Police Dep't, 811 F.2d 260, 261
(5th Cir. 1986).

    The district court did not err in its denial of Young's
postjudgment motion seeking leave to amend his complaint.  A
dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) does
not provide the procedural protection of opportunity to amend

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

before dismissal.  See Graves v. Hampton, 1 F.3d 315, 318 n.12 (5th 1993).

To the extent that Young challenges the district court's dismissal for frivolousness, his notice of appeal is untimely as to the district court's judgment.  See FED. R. APP. P. 4(a)(1)(A).  Consequently, we do not have jurisdiction over the matter.  See Nelson v. Foti, 707 F.2d 170, 171-72 (5th Cir. 1983).

Leave to appeal IFP is DENIED.  This appeal is frivolous and therefore is DISMISSED.  See 5TH CIR. R. 42.2.  The dismissal of this appeal and the dismissal of the complaint as frivolous by the district court each count as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Young that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP DENIED.  APPEAL DISMISSED.