**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-20299

_____

TY MICHAEL BROWN,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-57)
_____

November 14, 2000

Before KING, Chief Judge, WIENER, Circuit Judge, and BARBARA M.G. LYNN,[*] District Judge.

PER CURIAM:[**]

Petitioner-Appellant Ty Michael Brown appeals the summary judgment dismissal of his § 2254 habeas corpus petition as time-barred.  Brown argues that the elapse of ten months before he

---

[*]     District Judge of the Northern District of Texas, sitting by designation.

[**]     Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

received notice that his direct appeal had been denied should equitably toll the Antiterrorism and Effective Death Penalty Act's one-year time limit to file a habeas petition. Since the district court dismissed Brown's case, we have issued several relevant opinions in light of which we conclude that Brown's claim of equitable tolling should not be dismissed on summary judgment. We therefore reverse the district court's dismissal and remand this case for further proceedings to determine whether Brown is entitled to equitable tolling of the subject limitations period.

I.

FACTS AND PROCEEDINGS

Because timing lies at the core of Brown's appeal, we will relate key dates in the progress of Brown's case in greater than usual detail.

Brown was convicted of capital murder and sentenced to life imprisonment in June 1994. Two years later, the Texas Court of Criminal Appeals reversed his conviction and remanded his case to the First District Court of Appeals for consideration of a claim that the evidence on which Brown was convicted was factually insufficient. The First District affirmed the conviction on August 8, 1996.[1] No further discretionary review was sought, and Brown's conviction became final on September 7, 1996. Therefore, absent tolling, the deadline for Brown's timely filing of a § 2254

---

[1] Brown v. State, 1996 WL 444981 (Tex. App.-Houston [1st Dist.] 1996) (No. 01-94-00644-CR) (unpublished).

application was September 7, 1997.[2]

On April 7, 1997, seven months after Brown's conviction became final, the Harris County clerk received a letter from the imprisoned Brown inquiring into the status of his case. The clerk's office replied to Brown's inquiry on July 21, 1997, indicating a "Mandate of Affirmance" had issued on October 3, 1996.

Brown maintains that he wrote to the Harris County Clerk because he had been "abandoned" by his appointed appellate counsel. According to Brown, his lawyer did not respond to several letters that Brown sent periodically from prison. Brown claims that he was not notified when his conviction was affirmed on remand, nor even that his attorney had appealed to the Texas Court of Criminal Appeals. Respondent-Appellee does not rebut Brown's allegations beyond noting that for counsel "[t]o not inform a client of all these proceedings, especially about the reversal and remand, appears incredible." Therefore, we assume that all facts are true as Brown states them, and that, despite some efforts on his part, more than ten months elapsed before Brown learned that his conviction was final.[3]

After requesting and receiving a copy of the First District Court of Appeals' opinion, Brown filed a pro se state habeas petition on October 2, 1997, nearly one month after the expiration

---

[2] § 2244 (d)(1)(A).

[3]  We note that the facts surrounding Brown's actions are verified in the record and do not rely solely on his assertions.

of the September 7 deadline for filing his § 2254 petition (but within one year of the "mandate of affirmance" as indicated by the Harris County clerk). His state habeas petition was denied on November 26, 1997. Less than a month later, on December 22, 1997, Brown filed a pro se § 2254 petition in federal district court, which was dismissed on February 12, 1999, as time-barred under § 2244(d).

Brown filed a notice of appeal. Although it was three days late, the district court found Brown's tardiness to be the result of excusable neglect and granted him an extension under 28 U.S.C. § 2107(c). This appeal followed, and we granted Brown a certificate of appealability (COA) on the equitable tolling issue.

II

ANALYSIS

A. Equitable Tolling

Brown filed his federal habeas corpus petition on Dec. 22, 1997. Therefore, his petition is governed by the AEDPA. State prisoners who file federal habeas corpus petitions under the AEDPA must do so within the one-year limitation period codified in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....
> (2) The time during which a properly filed application for State post-conviction or other collateral review with

4

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The time during which an application for state postconviction relief or other collateral review is pending does not count toward AEDPA's one-year limitation period if, but only if, the state application is "properly filed."[4] Brown did not file his state habeas application until October 2, 1997, nearly a month after the September 7 expiration of the one-year limitations period in which he had to file for federal habeas relief. As that tardiness kept his state application from being "properly filed," his application did not toll the running of the AEDPA's limitations period.

The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[5] We held in Davis v. Johnson that the AEDPA's one-year statute of limitations can be equitably tolled "in rare and exceptional circumstances."[6] We remain at all times mindful of the Supreme Court's cautionary statements regarding dismissal of a first federal habeas petition[7] and its pronouncement that courts

---

[4] § 2244(d)(2).

[5] Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (citations omitted), cert. denied, 526 U.S. 1074 (1999).

[6] Id. at 811.

[7] Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000), petition for cert. filed (U.S. May 8, 2000) (No. 99-10243) (quoting Lonchar v. Thomas, 517 U.S. 314, 324 (1996) ("Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ

"must be cautious not to apply the statute of limitations too harshly."[8]  We consider the facts of each case in deciding whether to apply the doctrine of equitable tolling,[9] and review the district court's decision to deny it for abuse of discretion.[10]

For equitable tolling to apply, the petitioner must not only demonstrate "rare and exceptional circumstances," but also must "diligently pursue his § 2254 relief."[11]  We will consider each of these requirements in turn in deciding whether the district court abused its discretion in finding that Brown could not meet them.

1.  "Rare and Exceptional Circumstances"

We have not yet decided whether an inmate's protracted lack of notice that his conviction has become final should be grounds for equitably tolling the AEDPA's statute of limitations.  In several recent cases — all of them decided subsequent to the district court's February 1999 decision in the instant case — we considered what facts do constitute the "rare and exceptional circumstances" that justify equitably tolling the AEDPA's statute of limitations. Among these, the case most closely analogous to Brown's is Phillips

---

entirely, risking injury to an important interest in human liberty.")).

[8]  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

[9]  Id.

[10]  United States v. Patterson, 211 F.3d 927, 931 (5th Cir. 2000) (citing Fisher, 174 F.3d at 713).

[11]  Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999), cert. denied, 120 S. Ct. 1564 (2000).

v. Donnelly,[12] in which we held that a four-month delay between the denial of an applicant's state habeas petition and his actual notification of the denial could qualify for equitable tolling.[13] We based that decision on another recent case, Fisher v. Johnson,[14] in which we stated in dicta that "[i]n the right circumstances, a delay in receiving information might call for equitable tolling —— such as if the prison did not obtain copies of AEDPA for months and months, or if an essential piece of information was delayed near the filing deadline."[15]

In another recent case, Davis v. Johnson,[16] we assumed without deciding that the circumstances, including an alleged eleven-month delay in the district court's notification to appointed counsel of his appointment, justified equitable tolling.[17] Further, in United States v. Patterson,[18] we found equitable tolling warranted when the district court apparently led the petitioner to believe he had an

---

[12] 216 F.3d 508 (5th Cir. 2000), reh'g granted in part on other grounds, 223 F.3d 797 (5th Cir. 2000).

[13] The Court remanded the case for a hearing on when the petitioner first received notice of the denial. See id. at 511.

[14] 174 F.3d 710 (5th Cir. 1999).

[15] Id. at 715.

[16] Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

[17] 158 F.3d at 808 & n.2.

[18] 211 F.3d 927 (5th Cir. 2000).

extra year in which to file his petition.[19]

We see our cases that have denied equitable tolling, including Fisher[20] and Felder v. Johnson,[21] as distinguishable from Brown's case, in that they generally concern a petitioner's ignorance of the law. In contrast, Brown's uncontroverted complaint emphasizes that his inability timely to learn the crucial fact that his conviction had been affirmed on appeal and had become final resulted from obstacles beyond his ability to control or remedy. Should Brown prove the facts he has alleged, his appellate lawyer's neglect could very well be an extraordinary circumstance that kept him from asserting his rights.[22]

## 2. Diligent Pursuit

Even when a petitioner demonstrates "rare and exceptional circumstances" for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations. The district court found that Brown failed in his obligation to monitor his lawsuit and keep

---

[19] One of Brown's complaints in this case is that the First District Court of Appeals's letter to him dating the Mandate of Affirmance as Oct. 3, 1996, confused him as to the date his conviction became final.

[20] 174 F.3d 710.

[21] 204 F.3d 168 (5th Cir. 2000).

[22] See Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.").

himself apprised of the status of his litigation. The court cited Jones v. Estelle[23] as supporting the "implicit burden" to make inquiries in a pro se habeas appeal by a state prisoner who was previously represented by counsel.

The facts of Jones, however, are distinguishable from Brown's case. In Jones, the petitioner's attorney filed objections to a magistrate judge's recommendation that habeas relief be denied, but neither the attorney nor the petitioner inquired further into the case for thirteen months after entry of judgment, thus missing a 30-day window in which to file a notice of appeal. We distinguished the circumstances under consideration in Jones's case from those in Curry v. Wainwright,[24] noting that "there is no showing that the petitioner did not receive timely notice of appeal. Additionally, petitioner was represented by counsel."[25] In contrast, Brown has shown that he did not receive timely notice of appeal. Furthermore, although he apparently had been

---

[23] 693 F.2d 547, 549 (5th Cir. 1982).

[24] 416 F.2d 379 (5th Cir. 1969). The facts in Curry, in which we accepted a late-filed notice of appeal, are more akin to Brown's case. Curry, a prisoner proceeding pro se, was not notified when a final order denying his writ of habeas corpus was filed. Some two months later, he wrote a letter to the court asking if a final decision had been made; Curry filed a motion for a certificate of probable cause two weeks after receiving an affirmative answer. We held that the reasoning for our pre-existing rule that the period for appeal did not begin to run until the appellant was notified of his right to appeal "is stronger in the case sub judice, in which the appellant did not even know that judgment had been entered against him." Id. at 380.

[25] Jones, 693 F.2d at 549.

9

represented by counsel at least through his appeal to the Texas Court of Criminal Appeals, Brown took the initiative to file his habeas petition pro se once he learned that the AEDPA's clock had begun to run and that he was not then receiving counsel's advice.

In Coleman v. Johnson,[26] a recent case decided under the AEDPA, we denied equitable tolling for an applicant who did not file his federal habeas petition for approximately six months after he was notified that his state postconviction application had been denied and did not explain his delay. In comparison, Brown appears to have acted with reasonable alacrity once he learned that his conviction had become final. As alleged, most of the delay in Brown's case appears attributable to appellate counsel's failure to answer Brown's inquiries regarding the status of his case. Brown took the initiative by writing to the clerk's office directly and acting with due diligence to the information he received. The time lag between his notification and state habeas filing was approximately two-and-a-half months —— less than half the delay in Coleman —— and is largely explained by Brown's activity, including requesting a copy of the First District Court opinion, plus the unavoidable delays a prisoner encounters in trying to use the prison library and communicate with the outside world. In light of our recent opinions in Phillips, Fisher, and Felder —— opinions to which the district court here was not privy —— we remand to the

---

[26] 184 F.3d 398 (5th Cir. 1999), cert. denied, 120 S. Ct. 1564 (2000).

district court for reconsideration, possibly aided by an evidentiary hearing, which may very well establish the existence of rare and exceptional circumstances and diligent pursuit of relief by Brown.

B.  Notice of Appeal

Respondent-Appellee argues that we lack jurisdiction to hear this appeal because Brown filed his notice of appeal three days late.  Respondent-Appellee grounds his argument in the claim that the district court abused its discretion in granting Brown an extension to file a timely notice of appeal based on excusable neglect.  Under Fed. R. App. P. 4(a)(5), a district court may grant up to thirty additional days within which to file a notice of appeal on a showing of excusable neglect or good cause.[27]

We have adopted the standard of excusable neglect articulated by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.[28]  The Court there held that, in some circumstances, neglect such as inadvertence, mistake, or carelessness may be excused.  Determination whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[29]

---

[27]  See also 28 U.S.C. § 2107(c).

[28]  507 U.S. 380, 395 (1993); see also Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 468-69 (5th Cir. 1998), cert. denied, 526 U.S. 1005 (1999).

[29]  Pioneer, 507 U.S. at 395.

11

In making the determination, the court must consider (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[30]

The first two Pioneer factors weigh in favor of a finding of excusable neglect. The risk of prejudice to Respondent-Appellee should the extension be granted is minimal, and he has asserted no actual prejudice. The length of delay was de minimis (three days), and would have little or no effect on judicial proceedings. The fourth Pioneer factor, whether the movant acted in good faith, also weighs in favor of a finding of excusable neglect. There is no indication of bad faith on Brown's part.[31]

The third Pioneer factor, the reason for the delay, does not weigh heavily against a finding of excusable neglect. Brown asserts that, albeit erroneously, he believed that he had 30 days from receipt of the final judgment, rather than 30 days from its entry, in which to file a notice of appeal. We have previously found that writing the wrong docket number on a notice of appeal was excusable neglect.[32] In Halicki, we noted that some

---

[30] Id.; Halicki, 151 F.3d at 468.

[31] Indeed, within what he believed to be the 30-day time limit, Brown mistakenly prepared and sent to the Fifth Circuit a nine-page "request for certificate of appealability" in lieu of a notice of appeal.

[32] Marshall v. Lancarte, Inc., 632 F.2d 1196 (5th Cir. 1980).

misinterpretations of the federal rules may qualify as excusable neglect but held that the attorney's asserted misinterpretation of an unambiguous, well-settled rule affecting the date for filing a notice of appeal was inexcusable.[33]  Unlike Halicki, Brown was not represented by counsel.

Most of the <u>Pioneer</u> factors weigh in favor of a finding of excusable neglect, and the reason for the delay does not weigh heavily against such a finding.  Respondent-Appellee has not shown that the district court abused its discretion by granting Brown's motion to extend the time to file his notice of appeal by three days.  Therefore, we find no error in the district court's grant of an extension of time for Brown to file a notice of appeal.

III.

CONCLUSION

If Brown can prove the circumstances he has alleged, his case may be the rare and exceptional one justifying equitable tolling of the AEDPA's one-year limit.  Therefore, we reverse the district court's grant of summary judgment and remand for further consideration consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

[33]  <u>Halicki</u>, 151 F.3d at 469-70.

13