IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10359
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

BRENT LEDEAN ALLEN,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 2:97-CV-141
2:93-CR-29-3
--------------------
August 14, 2002

Before JOLLY, JONES and PARKER, Circuit Judges.

PER CURIAM:[*]

        Brent Ledean Allen, federal prisoner number 25238-077, filed
a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct
his sentence.  The district court denied this motion on July 28,
2000.  On March 2, 2001, Allen filed a motion for leave to file
an out-of-time notice of appeal and request for a certificate of
appealability (COA) asserting that he had not received notice of

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the July 28, 2000, final judgment until February 6, 2001. The district court found that the motion was brought under FED. R. APP. P. 4(a)(6), but was not filed within seven days of receipt of notice of the entry of the July 28, 2000, judgment or within 180 days of the entry of that judgment.

Allen has filed a motion for COA with this court. The motion for COA is DENIED as unnecessary.

Allen did not file a notice of appeal from the district court's denial of his 28 U.S.C. § 2255 motion. Accordingly, this court lacks jurisdiction to review the judgment denying that motion. See Nelson v. Foti, 707 F.2d 170, 171 (5th Cir. 1983). As Allen appealed only from the district court's denial of his postjudgment motion for leave to file an out-of-time notice of appeal and an out-of-time request for a certificate of appealability, we can review only the denial of that motion.

At the latest, Allen had to file his motion to reopen the time for appeal within 180 days of the entry of the district court's July 28, 2000, order denying his 28 U.S.C. § 2255 motion. FED. R. APP. P. 4(a)(6). That 180-day period expired on January 14, 2001. Accordingly, the district court did not abuse its discretion in finding that the March 2, 2001, filing of Allen's motion was untimely. See United States v. Clark, 51 F.3d 42, 43 (5th Cir. 1995).

AFFIRMED.