United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20127
Summary Calendar
_____

JAMES LEVI SMITH,

Plaintiff-Appellant,

versus

DAVID A. TURRUBIATE; GARY A. WAKEFIELD;
JOHN J. JETER; FRANCIS CHERIAN;
PAUL B. WILDER; VELMA MONCADE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-805
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Levi Smith, Texas prisoner # 553256, seeks to appeal

the district court's dismissal of his 42 U.S.C. § 1983 civil

rights suit.  This court must raise, <u>sua</u> <u>sponte</u>, the issue of its

own jurisdiction, if necessary.  <u>Mosley v. Cozby</u>, 813 F.2d 659,

660 (5th Cir. 1987).  A timely notice of appeal is a mandatory

precondition to the exercise of appellate jurisdiction.  <u>Nelson</u>

<u>v. Foti</u>, 707 F.2d 170, 171 (5th Cir. 1983).  Federal Rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Appellate Procedure 4(a)(1) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which appeal is taken.

Smith did not file his notice of appeal within 30 days of the entry of judgment. Instead, he filed a FED. R. CIV. P. 60(b) motion, which did not suspend the time for filing a notice of appeal. See In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). His notice of appeal was timely as to the denial of that motion only, meaning that this court has jurisdiction to review only the district court's order denying the Rule 60(b) motion. See id.; FED. R. APP. P. 4(a)(1). However, Smith briefs no argument challenging the denial of his Rule 60(b) motion. He has thus waived the sole issue over which this court has jurisdiction. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Smith's appeal is wholly without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Smith is CAUTIONED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

See 28 U.S.C. § 1915(g).  His motion for the appointment of counsel is DENIED.

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED; MOTION DENIED.