United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31001
Conference Calendar

_____

THEODORE JOHNSON,

Plaintiff-Appellant,

versus

STATE OF LOUISIANA, DEPARTMENT OF
SOCIAL SERVICES, LOUISIANA REHABILITATION
SERVICES,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-3082-B
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Theodore Johnson seeks to appeal the district court's order closing his lawsuit seeking review of the Secretary of the Louisiana Department of Social Services' decision to deny him tuition assistance without prejudice to his right to reopen proceedings after his state-court remedies are exhausted. This court must raise, <u>sua</u> <u>sponte</u>, the issue of its own jurisdiction, if necessary. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1987).  A timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction. Nelson v. Foti, 707 F.2d 170, 171 (5th Cir. 1983).  Federal Rule of Appellate Procedure 4(a)(1) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which appeal is taken.

Johnson did not file his notice of appeal within 30 days of the entry of the order closing his case.  The October 14, 2003, notice of appeal is timely only as to the denial of his second motion to reopen.  However, Johnson makes no argument challenging the denial of his motion to reopen and has thus waived the sole ground for appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9)(A).  Consequently, the appeal is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.