United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2006**

**Charles R. Fulbruge III**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

05-70058

———————

ANGEL MATURINO RESENDIZ,

Petitioner-Appellant,

v.

DOUG DRETKE, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

—————————————————————————

Appeal from the United States District Court for the
Southern District of Texas, Houston

—————————————————————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

Petitioner-Appellant, Angel Maturino Resendiz, was convicted of capital murder in Texas and sentenced to death. After the Texas Court of Criminal Appeals affirmed his conviction and sentence and denied post-conviction relief, Resendiz filed a petition for writ of federal habeas corpus. The district court denied relief. On appeal, the sole issue is whether the motion to reopen the time for filing a notice of appeal was timely under the Federal Rules of Appellate Procedure. Because we conclude that the motion was

untimely, the appeal is dismissed for lack of jurisdiction.

I.   PROCEDURAL HISTORY

The only history relevant to the issue before us is with respect to Resendiz's federal habeas petition.  On May 3, 2005, Resendiz, represented by counsel, filed a petition for federal habeas relief.  Relying on, among other cases, *Apprendi v. New Jersey,* 530 U.S. 466 (2000), he argued that it was unconstitutional for a defendant to have the burden of proving circumstances that mitigate against the death penalty.  On May 23, the Respondent filed a motion for summary judgment.  On September 7, the district court denied relief and entered final judgment.  That same day, a docket entry indicates that the parties were notified.

On November 15, counsel for Resendiz filed a motion to reopen the time to file a notice of appeal or, in the alternative, a request to extend the time to file a notice of appeal.[1]  In the motion, counsel admitted that he received notice of the judgment in the mail "shortly after" it was entered.  Counsel further stated that on November 10, he visited Resendiz in prison and notified Resendiz for the first time of the judgment.  Resendiz indicated that he wished to appeal.  Also, counsel asked the court not to impute his failure to file a notice of appeal to Resendiz.  On November 16, the Mexican Consul General filed a letter requesting that the case be reopened.  On November 21, the Respondent filed a

---

[1]  Along with the motion, counsel filed a notice of appeal.

2

response in opposition to Resendiz's motion to reopen.  On November 22, Resendiz filed a reply to the Respondent's opposition.  That same day, the district court denied Resendiz's motion.[2]

On December 12, this Court issued an order directing counsel for Resendiz to show cause whether the district court correctly denied the motion to reopen the time to file a notice of appeal, and if so, whether the appeal should be dismissed as untimely. Resendiz, through counsel, and the Respondent have responded to the show cause order.

## II.  ANALYSIS

Rule 4 of the Federal Rules of Appellate Procedure governs this case and instructs that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Rule 4(a)(1).  Here, the record establishes, and Resendiz does not dispute, that the notice of appeal was not filed within the 30-day period.  This Court has explained that Rule 4 has two avenues "for rescuing [an] appeal through a late-filed notice of appeal."  *Wilkens v. Johnson,* 238 F.3d 328, 330 (5th Cir. 2001).  These two avenues are set forth in Rule 4(a)(5)-(6) as follows:[3]

---

[2]  Subsequently, Resendiz obtained new counsel who also filed a notice of appeal.

[3]  Subsection 6 was amended subsequent to the November 22 denial of the instant motion to reopen.  Effective December 1, 2005, subsection (6) was amended "to specify more clearly what type

3

**(5) Motion for Extension of Time.**

 **(A)** The district court may extend the time to file a notice of appeal if:

  **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires[.]

  . . . .

**(6) Reopening the Time to File an Appeal.**
The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

 **(A)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

 **(B)** the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

 **(C)** the court finds that no party would be prejudiced.

Resendiz admits, as he must, that his lawyer did not file a motion for extension until after the sixty-day period under Rule 4(a)(5)(A)(i) had expired. Thus, the only potential avenue of

---

of 'notice' of the entry of a judgment or order precludes a party from later moving to reopen the time to appeal . . . [and] to address confusion about what type of 'notice' triggers the 7-day period to bring a motion to reopen." Advisory Committee's Notes on 2005 Amendments to Fed. R. App. P. 4(a)(6). More specifically, the amendments clarify that unless consented to otherwise, only formal service pursuant to Federal Rules of Civil Procedure 77(d) and 5(b) constitutes notice.

relief remaining is pursuant to Rule 4(a)(6).[4]  Resendiz agrees,
recognizing that the "determinative question" is whether he was
"entitled to notice of the entry of the judgment or order sought to
be appealed from but did not receive the notice from the district
court."  (Resendiz Response 6 (quoting Fed. R. App. P. 4(a)(6)).)
In other words, in an attempt to fall under the saving provision in
Rule 4(a)(6), Resendiz asserts that the notice his counsel received
did not constitute sufficient notice because counsel abandoned him,
failing to either timely inform him of the judgment or to file a
notice of appeal.

As Resendiz recognizes, this Court has stated that the seven-
day window in Rule 4(a)(6) for the filing of a motion to reopen
after notice of the judgment may be triggered by "[a]ny written
notice of entry received by the potential appellant or his counsel
(or conceivably by some other person)."  *Wilkens,* 238 F.3d at 332
(footnote omitted).  Resendiz argues that this language is dictum
because there was no argument in *Wilkens* that counsel received
notice at a different time than the petitioner.

Although *Wilkens* did not involve the precise issue at bar, it
certainly informs this case.  In *Wilkens,* as in the instant case,
the petitioner was convicted of capital murder in Texas and

---

[4]  "Rule 4(a)(6) allows the district court to grant relief if
the specified requirements are satisfied, but the rule does not
require the district court to grant the relief, even if the
requirements are met."  *Jones v. W.J. Services, Inc.,* 970 F.2d 36,
39 (5th Cir. 1992).

5

awaiting execution. *Id.* at 329. On June 18, 1999, the district court entered judgment denying Wilkens's federal habeas petition. Although the docket sheet indicated that the clerk had mailed copies of the judgment to the attorney of record that same day, Wilkens's counsel claimed that he never received a copy in the mail. Counsel averred that his first notice of the judgment was September 7, when, at the request of the court's staff attorney, a copy was "faxed" to him *Id.* A docket entry provides that Wilkens filed a motion for leave to file a late notice of appeal on October 4. The district court granted the motion to reopen.

In *Wilkens,* this Court, sua sponte, raised the question of appellate jurisdiction.[5] Recognizing that a timely notice of appeal "is a mandatory precondition to the exercise of appellate jurisdiction," we explained that we must determine the validity of the district court's order granting Wilkens's leave to file the notice of appeal almost four months after judgment was entered. *Id.* at 330. As mentioned previously, Rule 4 has two saving provisions for notices of appeal filed beyond the 30-day time limit: Rule 4(a)(5) extends the time for filing; and Rule 4(a)(6) reopens the time in which to file. As in the case at bar, because Wilkens did not file within sixty days of entry of judgment, Rule

---

[5] The Respondent did not challenge jurisdiction. Indeed, the Respondent "filed a 'Non-Opposition to Petitioner's Out-of-Time Appeal' declining, 'in the interest of justice,' to oppose appellate review of the district court's judgment." *Id.* at 330.

4(a)(5) was not available to him, leaving the reopening provision of Rule 4(a)(6) as the only potential avenue for relief. *Id.* at 331.

As quoted previously, subsection (A) of Rule 4(a)(6) requires that the motion to reopen be filed within 180 days of judgment or within seven days after receiving notice, whichever is earlier. Although Wilkens's motion had been filed prior to the expiration of the 180-day limit, it was not filed within seven days of receiving the facsimile copy on September 7. Therefore, the case hinged on whether the faxed notice qualified as notice of entry of the judgment for the purpose of triggering subsection (A)'s seven-day filing window. *Id.* at 331-32. Ultimately, after observing that (1) the rule did not describe the words "receive" or "notice" and (2) other circuits had not required formal service as set forth in Rules 5(b) and 77(d) of the Federal Rules of Civil Procedure, this Court concluded that the plain wording of the rule indicated that the faxed copy constituted sufficient notice to trigger the seven-day window for filing. *Id.* at 333-36.[6] As a result, the late notice of appeal was a nullity, leaving this Court with no appellate jurisdiction over Wilkens's habeas petition.

Of course, in the instant case, the issue is not a challenge

---

[6]  It appears that the previously noted 2005 amendments to Rule 4(a)(6), which now expressly require formal service, supersede the holding that a facsimile constitutes sufficient notice—unless there has been consent. *See supra* at n.2.

7

to the method of service but a challenge to the sufficiency of service in light of counsel's failure to communicate the notice or act upon it. In any event, *Wilkens* makes clear that unless a Rule 4(a)(6) motion is filed timely, "the court is powerless to reopen the time for filing" a notice of appeal. *Id.* at 331.[7]

Resendiz argues that the district court erred in relying on Rules 5(b) and 77(d) of the Rules of Civil Procedure in finding that service on counsel was sufficient notice because *Wilkens's* "core" holding rejected reliance on those formal rules of service.[8] (Response 9-10). That case, however, does not support Resendiz. Although *Wilkens* did recognize that the plain language of then-effective Rule 4(a)(6) did not reference Rules 5(b) or 77(d) or describe the type of notice required, that meant any written notice received by *either* counsel or the client was sufficient. *Wilkens*,

---

[7] Resendiz also relies in part on the Advisory Committee's Notes regarding the court's "general authorization to relieve litigants of the consequences of default." Advisory Committee's Notes on 1967 Adoption of Fed. R. App. P. 2. However, this Court has rejected the proposition that these notes afford the power to extend the time to file a notice of appeal. *Wilkens,* 238 F.3d at 334 n.29. Indeed, the advisory notes provide that Federal Rule of Appellate Procedure 26(b) prohibits appellate courts from extending the time for filing an appeal.

[8] Rule 77(d) of the Federal Rules of Civil Procedure provides that "[i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5(b) upon each party. . . ." Rule 5(b) provides that if a party is represented by counsel, service is to be made upon counsel. Rule 5(b) also sets forth the methods of service, such as hand delivery or by mail. It provides that a person may consent to other means of delivery, including electronic means.

8

238 F.3d at 332.[9]  *Wilkens's* interpretation of Rule 4(a)(6) offers Resendiz no succor in that it is a more lenient standard for finding sufficient notice.

The above discussion brings us back to the general rule, which Resendiz apparently concedes, that "courts ordinarily deem a party represented by counsel 'to have notice of all facts, notice of which can be charged upon the attorney.'"  (Resendiz Response 10 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 397 (1993)).)  Resendiz acknowledges the general rule and argues that his case warrants an exception. The thrust of his argument is that his counsel had abandoned him and thus, notice to counsel could not be imputed to him.

In an attempt to persuade this Court to recognize an exception to the general rule, Resendiz quotes an excerpt from an opinion of this Court in which we discussed cases that held that the time to file a notice of appeal does not begin to run until a pro se party is notified either of the entry of judgment or his right to appeal. (Resendiz Response 12 (quoting *Nelson v. Foti,* 707 F.2d 170, 171 (5th Cir. 1983)).)  Resendiz, however, neglects to put this discussion in context.  Indeed, the language immediately preceding

---

[9]  This Court noted that the Second Circuit had held that when a party is represented by counsel, counsel must be the one notified.  *Id.* at 332 n.17 (citing *Ryan v. First Unum Life Ins. Co.,* 174 F.3d 302 (2d Cir. 1999)).  Although we did not "perceive" that additional requirement, we recognized that the issue was not before us.  *Id.*

9

and subsequent to the quoted excerpt explains that prior to the 1979 amendments to Rule 4(a), this Circuit "carved out an exception to this seemingly jurisdictional bar for litigants proceeding pro se." *Nelson,* 707 F.2d at 171. Subsequent to the 1979 amendments to Rule 4(a), this Court has "adhered strictly to its mandate." *Id.*[10] Moreover, Resendiz does not cite, and we are not aware of, any subsequent Fifth Circuit precedent allowing an exception to the mandate of Rule 4(a).[11]

Here, the district court found, and we agree, that Resendiz has not shown that counsel abandoned him. In the district court, counsel filed a federal habeas petition on Resendiz's behalf and, after meeting with Resendiz, moved, albeit untimely, to reopen the period for filing a notice of appeal. If counsel's failure to file

---

[10] *Nelson* involved an earlier version of Rule 4(a). *Id.* There, the provision at issue stated that a party had sixty days from the date of judgment to move the district court to excuse the delay. Nelson was a pro se federal habeas petitioner who did not receive notice of the entry of judgment until after the time to move for an extension of time to file a notice of appeal. The district court granted Nelson's request to file a notice of appeal. This Court, relying on Rule 77(d)'s instruction that a late notice of appeal can only be allowed as permitted by Rule 4(a), dismissed for lack of jurisdiction.

[11] Resendiz also relies on other circuit precedent in which there were exceptions to the rule of imputation. However, none involve the jurisdictional context of Rule 4(a)(6). Resendiz cites a district court order granting a Rule 4(a)(6) motion to reopen because counsel's "actions prevented useful notice in this case, rendering Petitioner effectually without counsel." *Plata v. Cockrell,* No. H-01-2587, Memorandum and Order (S.D. Tex., Nov. 18, 2002) (unpublished). Such authority is not binding and conflicts with our circuit court precedent.

10

a timely notice of appeal constitutes abandonment, then Resendiz's argument would allow an end run around the requirements set forth in Rule 4(a)(6). Stated another way, the proposed exception would swallow the rule. In any event, because we conclude Resendiz has not shown he was abandoned by counsel, we do not reach the question of whether notice may be imputed to a party who, though technically represented, is abandoned by counsel. We hold that the district court correctly found that the notice received by counsel was imputed to Resendiz, which renders the Rule 4(a)(6) motion to reopen untimely. Our holding is consistent with other circuits' interpretations of Rule 4(a)(6). *Herrera v. I.N.S.*, 2 Fed.Appx. 603 (8th Cir. 2001) (unpublished) (holding no appellate jurisdiction because although § 2241 habeas petitioner did not "personally receive notice," the notice to counsel constituted notice to petitioner and thus, the Rule 4(a)(6) motion was untimely); *cf. Marcangelo v. Boardwalk Regency*, 47 F.3d 88 (3d Cir. 1995) (holding that Rule 4(a)(6) did not allow relief when local counsel failed to communicate the notice of judgment to the client's principal counsel, who was out of state).[12]

---

[12] Additionally, in *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994), the Ninth Circuit held that it lacked jurisdiction under Rule 4(a)(6)) because the motion was not filed within seven days after counsel received notice. Although unclear, it appears Vahan may have raised the same argument as Resendiz. *Id.* ("Vahan argues that the district court acted within its discretion in granting an extension because Vahan, through no fault of his own, did not receive notice of the district court's final judgment.").

Accordingly, in conclusion, we find counsel's delay in filing the motion to reopen the time to file a notice of appeal resulted in a lack of appellate jurisdiction. Therefore, we must dismiss the appeal.[13]

DISMISSED.

---

[13] As previously set forth, the district court denied relief on the merits of Resendiz's *Apprendi* claim that it was unconstitutional to place the burden of proof on a defendant to prove circumstances in mitigation of the death penalty. The district court explained that, prior to considering the mitigation evidence, "the jury has already found an aggravating factor beyond a reasonable doubt in the eligibility portion of trial (and a second aggravating factor through the future dangerousness inquiry), thus authorizing a capital sentence. The maximum punishment available then is death." (Memorandum at 6 (footnote omitted).) Although our lack of jurisdiction precludes us from making a determination on the merits of the sole claim raised in his federal petition, the district court's analysis appears compelling.