United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 02-41030

———————————————

ALABAMA COUSHATTA TRIBE OF TEXAS,

                                        Plaintiff-Counter Defendant-Appellant,

                versus

STATE OF TEXAS; ET AL.,

                                        Defendants,

STATE OF TEXAS,

                                        Defendant-Counter Claimant-Appellee.

———————————————————————————————

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 9:01-CV-299)

———————————————————————————————

Before KING, Chief Judge, REAVLEY and STEWART, Circuit Judges.

PER CURIAM:[*]

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

1

The Alabama Coushatta Tribe of Texas sought a declaratory judgment that high-stakes gaming activities on tribal lands are lawful and enjoining the State of Texas from interfering with such gaming activities. The State counterclaimed to enjoin the Tribe from conducting gaming on its lands in accord with Section 207 of Ysleta del Sur Pueblo and Alabama Coushatta Indian Tribes of Texas Restoration Act. See 25 U.S.C. § 737. The district court ruled in favor of the State, and the Tribe appealed. As we are bound by this court's decision in Ysleta del Sur Pueblo v. Texas, 36 F.3d 1325 (5th Cir. 1994), we affirm.

In 1987, Congress passed the Ysleta del Sur Pueblo and Alabama Coushatta Indian Tribes of Texas Restoration Act, see 25 U.S.C. §§ 1300g et seq. (regarding the Ysleta del Sur Pueblo), and 25 U.S.C. §§ 731 et. seq. (regarding the Alabama-Coushatta), which restored the trust relationship between the federal government and the tribes. The Act also provided that "[a]ll gaming activities which are prohibited by the laws of the State of Texas are hereby prohibited on the reservation and on lands of the [Alabama Coushatta] tribe." 25 U.S.C. § 737(a); see also 25 U.S.C. § 1300g-6 (prohibiting "[a]ll gaming activities which are prohibited by the laws of the State of Texas" on the lands of the Ysleta del Sur Pueblo).

This court interpreted the meaning of section 1300g-6 in Ysleta del Sur Pueblo v. Texas. The Ysleta del Sur Pueblo sued the State of Texas and its governor for refusing to negotiate a compact that would permit the tribe to engage in high-stakes gaming under the

2

Indian Gaming Regulatory Act (IGRA).  See 25 U.S.C. §§ 2701-25.  The State of Texas argued that 25 U.S.C. § 1300g-6 barred the tribe's suit.  After examining the legislative history of the Restoration Act, the court concluded that the Ysleta del Sur Pueblo were prohibited from engaging in any gaming activity prohibited by Texas state law, and that California v. Cabazon Band of Mission Indians, 480 U.S. 202 (1987), did not alter the ordinary meaning of the term "prohibit" in section 1300g-6.

We are bound by the Ysleta court's resolution of the meaning of the language contained in sections 1300g-6 and 737 of Title 25.  Although the Alabama Coushatta argue that the Ysleta court's interpretation was dictum, and thus not binding upon this court, we disagree.  In one of the appeals consolidated in Ysleta, the State of Texas asserted that the Restoration Act independently barred the tribe's IGRA suit; thus, the court was required to determine whether the tribe was precluded from seeking relief under the IGRA because the Restoration Act placed greater limits on the tribe's ability to conduct gaming operations.  The Ysleta court's decision to begin its consideration of the consolidated appeals was not an exercise of hypothetical jurisdiction.  The Alabama Coushatta tribe sought a declaratory judgment that high-stakes gaming is permitted on tribal lands, and the district court was bound by the Ysleta court's determination that it is not.

"It has long been a rule of this court that no panel of this circuit can overrule a decision previously made by another."  Ryals v. Estelle, 661 F.2d 904, 906 (5th Cir. Nov.

3

1981) (per curiam).  However sympathetic we may be to the Tribe's argument, we may not reconsider <u>Ysleta</u>, even if we believed that the case was wrongly decided.  <u>See</u> <u>Hodges v. Delta Airlines, Inc.</u>, 4 F.3d 350, 355-56 (5th Cir. 1993), <u>rev'd en banc on other grounds</u>, 44 F.3d 334 (5th Cir. 1995).  Just as the district court concluded, we are bound by the determination that the Restoration Act precludes the Ysleta del Sur Pueblo and the Alabama Coushatta tribes from conducting all gaming activities prohibited by Texas law on tribal lands.

AFFIRMED.